985 So.2d 259 (2008)
Kerry HAYES
v.
NEW ORLEANS VOODOO FOOTBALL, INC.
No. 07-CA-1037.
Court of Appeal of Louisiana, Fifth Circuit.
April 29, 2008.
*261 John B. Fox, Bridgette D. Kaczmarek, Attorneys at Law, New Orleans, Louisiana, for Plaintiff/Appellant.
David K. Johnson, Attorney at Law, Baton Rouge, Louisiana, for Defendant/Appellee.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
In this workers' compensation case, claimant appeals from a judgment of the workers' compensation judge. The defendant/employer and its insurer have answered the appeal seeking modification of the judgment. For the reasons stated herein, we reverse in part and affirm in part.
Facts and Procedural History
On March 16, 2004, Kerry Hayes signed a 2004 Arena Football League Standard Player Contract to play football with the New Orleans Voodoo. According to the contract, Hayes would play for one season (10 weeks) at an annual salary of $15,220.00. On March 23, 2004, after playing in one regular season game, Hayes sustained an injury to his groin during routine practice activities with the team and was unable to continue playing football. Claimant was paid his weekly salary according to the contract in the amount of $1,522.00 through June 5, 2004. Thereafter, claimant was paid workers' compensation benefits in the amount of $429.00 per week until benefits were discontinued on November 19, 2004.
On November 22, 2005, Hayes filed a disputed claim for compensation against his employer, New Orleans Voodoo Football, Inc. and the Louisiana Workers' Compensation Corporation (defendants) alleging that he was entitled to the continuation of supplemental earnings benefits (SEB) as a result of his work-related injury. He alleged that his average weekly wage was $1,650.00 and the weekly workers' compensation rate was $429.00. Mr. Hayes also sought penalties and attorneys fees for the employer's arbitrary and capricious conduct in failing to pay SEB as a result of this accident.
Trial of this matter commenced on May 31, 2007. The primary issues presented to the workers' compensation judge were the correct calculation of claimant's average weekly wage and whether claimant was entitled to supplemental earnings benefits once claimant was restricted from returning to work as a football player.
At trial, the parties stipulated that claimant was injured in the course and scope of his employment on March 23, 2004 and that the injury resulted in surgical repair of an inguinal hernia. The parties further stipulated that claimant was treated by Dr. Staudinger and Dr. Eckman, and that Dr. Eckman restricted claimant from returning to work as a football player on July 28, 2005. The parties *262 also stipulated to the medical records and to the fact that claimant's medical expenses were paid by the employer's insurance carrier.
Kerry Hayes testified at trial that he was employed as a wide receiver for the New Orleans Voodoo in 2004. He stated he began playing arena football in 1996 and played for several teams before his employment with Voodoo. He began playing with Voodoo as a practice player on February 3, 2004. He identified his employment contract with the team that was dated March 16, 2004 and provided an annual salary of $15,220.00 payable on a weekly basis for a period of 10 weeks. Mr. Hayes also stated that the contract included additional incentives, including a housing allowance, a meal allowance and travel expenses.
Mr. Hayes stated that he was injured while running plays at practice on March 23, 2004, and that he underwent inguinal hernia surgery by Dr. Staudinger. He stated he began treating with Dr. Eckman in South Carolina following the surgery, and he attempted to return to playing football in the fall of 2004. Mr. Hayes stated he was unable to continue playing because of his injury, and Dr. Eckman restricted him from playing football in July of 2005.
Mr. Hayes stated he subsequently worked as a high school coach and an automobile salesman at the Land Rover dealership in Columbia, South Carolina. He stated he earned $1,200 in one season as a coach and approximately $2,000-$3,000 per month from the car dealership. Mr. Hayes stated he received $429.00 in weekly compensation benefits from the expiration of his contract in June of 2004 until the benefits were discontinued in November of 2004.
Following trial, the workers' compensation judge found that claimant suffered a compensable work-related accident, that his average weekly wage was $1,522.00, and that the weekly compensation rate was $429.00. The judgment further provided that claimant was entitled to temporary total disability benefits from March 23, 2004 until December of 2004 as well as supplemental earnings benefits from January 2005July 28, 2005. Defendant was also given credit for any amount paid to claimant.
Mr. Hayes now appeals from this ruling arguing that he is entitled to supplemental earnings benefits until he is capable of earning 90% of his pre-injury weekly wage. He also argues that the workers' compensation judge erred in failing to award penalties and attorney's fees for the employer's discontinuation of benefits. Finally, claimant seeks attorney's fees for pursuing this appeal.
Defendants have answered the appeal seeking modification of the workers' compensation judge's determination of average weekly wage and its failure to find claimant to be a seasonal employee. Defendant also seeks modification of the judgment regarding the judge's failure to recognize claimant's dollar-for-dollar credit pursuant to LSA-R.S. 23:1225(D).
Law and Analysis
The appellate court's review of the workers' compensation judge's findings of fact is governed by the manifest error or clearly wrong standard. Smith v. Louisiana Dept. of Corrections, 93-1305 (La.2/28/94), 633 So.2d 129, 132; Starkman v. Munholland United Methodist Church, 97-661 (La.App. 5 Cir. 1/14/98), 707 So.2d 1277, 1284, writ denied, 98-0400 (La.3/27/98), 716 So.2d 891. A court of appeal may not overturn a judgment of the workers' compensation judge absent an error of law or a factual finding which is manifestly erroneous or clearly wrong. *263 Barber Bros. Contracting Co. v. Cuccia, 98-0675 (La.App. 1 Cir. 4/1/99), 734 So.2d 820; Hughes v. New Orleans Saints & LWCC, 05-712 (La.App. 5 Cir. 2/27/06), 924 So.2d 1086, 1090, writ denied, 06-1008 (La.6/23/06), 930 So.2d 980.
Laws existing at the time a contract is entered into are incorporated into and form a part of the contract as though expressly written therein. Board of Comm'rs of Orleans Levee Dist. v. Department of Natural Res., 496 So.2d 281, 294 (La.1986). Under the facts of this case, the parties are governed by the contract executed on March 16, 2004 and the law applicable at this time.
Following trial on the merits, the workers' compensation judge ruled that Hayes was entitled to workers' compensation benefits for temporary total disability from March 23, 2004 through December 2004, based on an average weekly wage of $1,522.00 and a maximum weekly compensation rate of $429.00. LSA-R.S. 23:1221(1); LSA-R.S. 23:1202. The workers' compensation judge also ruled that Hayes was also entitled to supplemental earnings benefits from January 2005 through July 28, 2005, based on the same wage and maximum compensation rate, with a zero earning capacity for such period. LSA-R.S. 23:1221(3). However, the workers' compensation judge apparently concluded that Hayes was no longer entitled to SEB after July 28, 2005 when he obtained other employment with an automobile dealership.
Wages at the time of Injury
By its answer to this appeal, defendants contend that the workers' compensation judge erred in calculating claimant's average weekly wage as $1,522.00. We agree, although for a different reason than the argument advanced by defendants.
Defendants contend that claimant should be considered as a seasonal employee, as the contract between the parties only provided that claimant was to be paid for the 2004 arena football season which concluded on June 30, 2004. Although defendants submitted this argument at trial, the workers' compensation judge apparently failed to find claimant was a seasonal employee for purposes of determining his wages at the time of his injury.
La. R.S. 23:1021(12) defines wages as the "average weekly wage at the time of the accident." In arguing that claimant is to be considered a seasonal employee, defendants rely on La. R.S. 23:1021(12)(a)(v). This provision is contained in the section entitled "hourly wages" and defendants have failed to cite to a Louisiana case which holds that the wages of a professional football player are to be calculated as seasonal employment. Although defendants cite to a case from the Commonwealth Court of Pennsylvania, we decline to follow that holding as it relied upon specified provisions of Pennsylvania law which are not applicable in this case.
The type of employment held by claimant where he contracted to be paid a set annual salary to be paid weekly for a limited number of weeks is not specifically covered by the statutory definition of wages contained in La. R.S. 23:1021(12). However, our review of the jurisprudence leads us to conclude that the most equitable calculation to be utilized in the unique circumstances presented herein is to compute claimant's average weekly wage at the time of his injury based upon the total yearly wages agreed to by contract.
In Paragraph 5 of the Standard Player Contract contained in the record, compensation is stated in paragraph 5 as follows:
For performance of player's services and all other promises of player specified *264 herein, Team will pay player a yearly regular season salary as follows: $15,220.00 (10 weeks) for the 2004 season.
By contract, Voodoo agreed to pay claimant the stated yearly season salary in equal weekly installments over the course of the applicable regular season period. Claimant's 2004 wage and tax statement contained in the record indicates that he was paid $19,142.00. Thus, his average weekly wage for the 2004 year was $368.12, or $19,142.00 divided by the 52 weeks in the year. The weekly compensation rate based on this figure, which is defined as 66 of the average weekly wage, is $245.42. See, La. R.S. 23:1221. We therefore conclude that the trial court erred in calculating both the claimant's average weekly wage at the time of his injury and the applicable weekly compensation rate based on this wage.
Supplemental Earnings Benefits
The determination of the correct average weekly wage earned by claimant at the time of his injury affects the computation of whether he is entitled to supplemental earnings benefits. By his appeal, claimant argues he is entitled to supplemental earnings benefits based on La. R.S. 23:1221(3)(a) because he cannot earn 90% or more of his wages at the time of his injury. La. R.S. 23:1221(3) places the initial burden to prove disability on the claimant. In order to recover, the employee must first prove by a preponderance of the evidence that he is unable to earn wages equal to ninety percent or more of the wages he earned before the accident. Smith v. Louisiana Dept. of Corrections, 93-1305 (La.2/38/94), 633 So.2d 129, 132. The analysis is necessarily a facts and circumstances one in which the court is mindful of the jurisprudential tenet that worker's compensation law is to be liberally construed in favor of coverage. Id.
Reviewing the facts of the present case, we conclude that the workers' compensation judge made an incorrect conclusion of law in determining that the claimant had established by a preponderance of the evidence that he is unable to earn wages equal to ninety percent or more of the wages he earned before the accident. The workers' compensation judge evaluated Hayes' status based on his contractual annual salary of $15,220.00, payable in weekly installments. However, as stated above, claimant's average weekly wage earned before the accident is correctly stated at $368.12, not $1,522.00. Hayes is only entitled to supplemental earnings if he can prove that he cannot earn 90% of the average weekly wage earned at the time of the accident. The record reflects that although claimant cannot return to playing professional football, he has been working as an automobile salesman since July of 2005 earning $2,000-$3,000 per month, which is more than 90% of his pre-injury wages. Accordingly, we find claimant is not entitled to supplemental earnings benefits after July of 2005 when he obtained employment as an automobile salesman.
Offset
Defendants claim entitlement to an offset of the wages and benefits paid to Hayes following his injury. In its judgment, the workers' compensation judge ordered that defendants are entitled to a credit for payments already made to claimant. Although the specific amount of the credit was not set forth in the judgment, we recognize that Louisiana statutory law and jurisprudence allows defendants to claim an offset against benefits owed to claimant.
Pursuant to La.R.S. 23:1225(D), compensation benefits payable to a professional *265 athlete are subject to a dollar-for-dollar offset.[1] This is a workers' compensation statute that applies only to "professional athletes." It allows an offset against workers' compensation benefits of a broad range of payments made to the player, including any wages or benefits paid.
Although this statute was subsequently repealed by Acts 2004, No. 561, § 1, approved June 25, 2004, it applies to contracts which were entered prior to the repeal of the statute. Hughes v. New Orleans Saints & LWCC, 05-712 (La.App. 5 Cir. 2/27/06), 924 So.2d 1086, 1090, writ denied, 06-1008 (La.6/23/06), 930 So.2d 980. In the present case, Hayes executed the contract with the Voodoo on March 16, 2004 prior to the date of the repeal of the statute. Thus, pursuant to the provision of La. R.S. 23:1225(D), defendant is entitled to an offset on a dollar-for-dollar basis of the wages paid to claimant after his injury.
The record in this case reflects that after claimant's injury, Voodoo continued to pay him in $1,522.00 weekly installments through the playoff season, for a total payment of $15,220.00. In addition, Voodoo and its insurer paid compensation to claimant from July 21, 2004 until November 19, 2004 in weekly payments in the amount of $429.00, for a total payment of benefits of $10,234.71. Pursuant to La. R.S. 12:1225(D), defendants are entitled to an offset in the amount of the total amount paid, $25,454.71 against any amounts claimed by Hayes, including his claim for supplemental earnings benefits.
Penalties and Attorney's Fees
Pursuant to La. R.S. 23:1201(F) and (I), failure to provide benefits shall result in the assessment of penalties and attorney fees. This provision does not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control. Id.
The factfinder's decision of whether to award penalties and attorney fees is essentially a question of fact which should not be reversed unless it is clearly wrong. See, Ocon v. Regency Motors of Metairie, LLC, 06-834 (La.App. 5 Cir. 4/11/07), 957 So.2d 816, 824, writ denied, 07-1063 (La.9/21/07), 964 So.2d 332. In the present case, claimant is not entitled to an award of supplemental earnings benefits after July of 2005, and defendants are therefore not subject to penalties and attorney fees for denying these benefits.
After a review of the record, and based on our holding herein, we find no error in the failure of the workers' compensation judge to award penalties and attorneys fees in this case. Further, based on our holding herein, we find no legal or factual basis for the award of attorney's fees to claimant for the appeal in this matter.
*266 Conclusion
Accordingly, that portion of the workers' compensation judge's ruling which finds the claimant's average weekly wage to be $1,522.00 and the correct compensation rate to be $429.00 is reversed. Our review of the record shows that the claimant's average weekly wage is correctly stated as $368.12 and the correct compensation rate is $245.42. In all other respects, and as stated more fully herein, the judgment of the worker's compensation judge is affirmed. Each party is to bear its own costs of this appeal.
REVERSED IN PART; AFFIRMED IN PART.
NOTES
[1] D. The compensation benefits payable to a professional athlete under any provision of this Chapter shall be reduced or offset by an amount equal to the total amount of benefits, wages, or other type of payment mentioned in any part of this provision on a dollar-for-dollar basis and not just on a week-to-week basis, if a professional athlete receives payment or remuneration from any of the following or payment of any type from any of the following:

(1) Any wages or benefits payable or paid to the athlete.
(2) A collective bargaining agreement.
(3) A contract of hire of any type.
(4) Any type of severance pay.
(5) Any type of injured reserve pay.
(6) Any type of termination pay.
(7) Any grievance or settlement pay.
(8) Any workers' compensation benefit of any type.
(9) Any other payment made to the professional athlete by the employer pursuant to any contract or agreement whatsoever.