JOAN BERNARD ARMSTRONG, Chief Judge.
|, The claimant-appellant, Shadley Meier, appeals a workers’ compensation judgment of May 27, 2008, in favor of the defendants, the New Orleans Saints and the Louisiana Workers’ Compensation Corporation, denying any benefits to claimant.
In the hearing below, the parties offered no argument or any live testimony. The only evidence introduced was in the form of exhibits consisting of: (1) payroll records; (2) a copy of the NFL Player Contract entered in to between the claimant and the Saints; (3) a Notice of Termination dated May 3, 2006 addressed to the claimant by the Saints; (4) a copy of a June 28, 2006, medical report from Dr. Robert R. Scheinberg, M.D. concerning the claimant; and (5) a copy of the tele *945 phonic deposition of the claimant. Subsequently, both parties submitted post-trial briefs.
Claimant was employed as a football player by the New Orleans Saints under a contract for the 2005-2006 season. It is undisputed that the claimant injured his knee in the course and scope of his employment in July of 2005 while at training camp. The workers’ compensation judge found that the claimant sustained a second knee injury in 2006. The claimant is correct in his assertion |2that there is absolutely no evidence in the record of a knee injury in 2006. Additionally, we note that the defendants did not argue below that there was any such injury in 2006. The defendants have raised this issue for the first time on appeal, apparently in consequence of the finding below that the claimant sustained another knee injury in 2006. Moreover, we can tell by the way the reference to 2006 is set forth in the reasons for judgment that it was not a typographical error. Therefore, we find that there was no second injury in 2006.
It is uncontested that claimant’s contract was terminated on May 3, 2006, prior to the regular 2006 season. In June of 2006, subsequent to termination, claimant had a second knee surgery, impliedly related to the original injury. No one contests the workers’ compensation judge’s findings, supported by the payroll record, that the claimant’s earnings with the Saints for 2006 were $66,694.35 less $176.94 travel reimbursement for a total of $66,417.91. The workers’ compensation judge found this to be all that the claimant was entitled to under his contract through his date of termination on May 3, 2006 and that he is entitled to nothing more in the way of workers’ compensation benefits.
We are able to conclude from the claimant’s deposition testimony that all of his knee problems can be traced to 2005 and that he cannot return to a career in football. The medical report of Dr. Robert R. Scheinberg supports this conclusion. In the total absence of any contrary evidence or argument we find that the claimant has carried his burden of proof in this regard.
The judgment of the workers’ compensation court denied the claimant any penalties or attorney fees. The claimant does not appeal that portion of the judgment. On appeal, the claimant asks only for Supplemental Earnings Benefits at the maximum rate of $454.00/week. While the defendants do not dispute the | J'act that $454.00/week is the maximum rate, they argued below that if the claimant was entitled to anything at all, it would be for 75 weeks at the minimum rate of $117.00 for the period from July 30, 2005, through June 30, 2007 which includes a 25 week credit for wages actually received during the 2005 football season pursuant to the NFL Collective Bargaining Agreement (“NFL CBA”). Although the NFL CBA is not in the record, we will accept the 25 week credit as a given as it is acknowledged by both parties. Also we will accept as a given, the 75 week figure presented by the defendants as the claimant has asserted both here and below that the only real dispute between the parties is the calculation of the average weekly wage as this will be determinative of whether the claimant is entitled to the minimum or maximum benefit.
The defendants’ assertion that the claimant, if he is entitled to anything at all, would be limited to the minimum under La. R.S. 23:1202(2) of $117.00/week is based on their contention that the claimant’s benefits should be only the $471.43 he earned in the mini-training camp in the spring of 2005 which was the total compensation he had received from the Saints prior to his July 30, 2005, injury, which injury occurred prior to the commence *946 ment of the regular season. In other words, the defendants contend that the claimant was not entitled to use the very-large annual compensation called for in the contract in calculating his benefits.
The claimant does not challenge the finding below that his signing bonus of $350,000.00 is not included in the determination of his benefit calculation. The workers’ compensation judge found that the claimant was a player with the New Orleans Saints football team pursuant to a two-year contract signed on March 14, 2005. This is uncontested and is supported by a copy of the contract in the record which states that the term of the contract is as follows:
14This contract covers 2 football seasons), and will begin on the date of execution or March 1, 2005, whichever is later [the contract was executed on or around March 14, 2005], and end on February 28 or 29, 2007 unless extended, terminated, or renewed as specified elsewhere in this contract.
Thus, this was a full two-year contract encompassing more than just the “regular football season” in each of those two years. Hence, in spite of the fact that the claimant was injured on July 30, 2005, prior to the commencement of the regular football season, the contract by its clear and unambiguous terms had been in effect for several months. Included in her written reasons for judgment, the workers’ compensation judge found that the claimant was not a seasonal employee, citing Hayes v. Voodoo Football, Inc., 07-1037 (La.App. 5 Cir. 4/29/08), 985 So.2d 259. We agree.
However, the workers’ compensation judge also found that the “contractual terms of payment of wages for Claimant Shadley Meier does not fit into any category specified under the Louisiana Workers’ Compensation Act.” We disagree. We find that the claimant’s contractual terms of payment fall into the category of “annual wages” as defined by La. R.S. 23:1021(10)(c) as follows:
Annual wages. If the employee is employed at an annual salary, his annual salary divided by fifty-two.
Therefore, in making the average weekly wage calculation, what he earned during the season must be averaged out over the year. This is supported by the fact that the contract specifies that its term encompasses the entire two year period and not just the “regular seasons” included within those two years. Paragraph “5” of the contract calls for the payment of a “yearly salary” of $540,000.00 for the 2005 season and $575,000.00 for the 2006 season. Additionally, the contract imposes certain duties upon the claimant and places certain restrictions on the claimant for | r,the duration of the contract term, not just during the course of the regular season. Paragraph “6” of the contract also refers to his “yearly salary” rather than a seasonal salary, notwithstanding the fact that the “yearly salary” was to be paid “in equal weekly or biweekly installments over the course of the applicable regular season period.” Therefore, the claimant was injured during the contract period in 2005 which calls for a “yearly”, i.e., annual salary of $540,000.00 along with smaller additional payments for participating in such activities as training camps. The claimant has never graduated from college and has found no gainful employment providing him with substantial earnings. We can safely assume that claimant will not be able to earn anywhere approaching 90% of his Saints compensation in the foreseeable future. Thus, he qualifies for Supplemental Earnings Benefits pursuant to La. R.S. 23:1221(3). La. R.S. 23:1221(3) provides for payments of “sixty-six and two-thirds percent of the *947 difference between” what the employee was earning before he was injured and what he is able to earn after injury subject to a maximum limitation. The defendants do not contend otherwise. Accordingly, we conclude that the claimant is entitled to the maximum compensation rate for Supplemental Earnings Benefits of $454.00/ week for 75 weeks, for a total of $34,050.00.
The workers’ compensation judge found that Mr. Meier’s earnings for the 2005 season were $549,242.47. This figure excludes a number of items, such as the claimant’s $350,000.00. The claimant does not contest the exclusion of any of the compensation items excluded by the workers’ compensation judge with but one exception — in his brief to this court the claimant contest the exclusion of only the $4,721.34 earned by the claimant at mini-camp. The claimant says that his average weekly wage should be calculated by adding that amount to the $549,242.47 figure | (¡arrived at by the trial court, bringing the total to $553,963.81 for purposes of computing his average weekly wage. Thus, the claimant contends that his average weekly wage should be $10,653.15. When the claimant refers to the $4,721.34 mini-camp earnings, we must assume that he meant to say $471.43 instead, which is the figure he gives for mini-camp pay elsewhere in his brief. The $471.43 figure is the only mini-camp figure supported by the payroll records and is much closer to the $471.13[1] figure referred to by the workers’ compensation judge. When that figure is added to the undisputed amount of $549,242.47, it brings the total to $549,713.90, which we hold is the figure that should be used in computing claimant’s average weekly wage according to his own reasoning. This would produce an average weekly wage of $10,571.42.
Based on the foregoing, we find that the claimant injured his knee in the course and scope of his employment in 2005 as is uncontested and he sustained no second injury in 2006. All of his subsequent disability is attributable to the 2005 injury which appears to have gotten progressively worse as time went on. We conclude as a result thereof that the claimant is entitled to supplemental earnings benefits at the maximum rate of $454.00/week for 75 weeks, for a total of $34,050.00.
For the foregoing reasons, we reverse the judgment of the workers’ compensation judge and render judgment in favor of the claimant in the sum of $34,050.00. The defendants shall bear all costs of this appeal.
REVERSED AND RENDERED.

. We must assume that the "1” in the $471.13 figure referred to by the workers’ compensation judge is a typographical error and that it was intended to be a “4” making the proper figure "471.43” in accordance with the payroll records and the post-trial brief of the defendants as well as references elsewhere in the claimant's brief to this Court.