CLARENCE E. MeMANUS, Judge.
 

 12In this workers’ compensation case, claimant, John Farquhar, appeals the judgment of the workers’ compensation court awarding him benefits of $43,691.35, plus interest, to be paid by defendants New Orleans Saints and the Louisiana Worker’s Compensation Corporation. For the reasons which follow, we affirm the judgment of the workers’ compensation court.
 

 STATEMENT OF THE CASE
 

 The claimant, Farquhar, was a professional football player for the New Orleans Saints from September 1997 until August 1999. Farquhar signed with the Saints after the third game of the 1997 season. He remained on the active roster throughout the 1998 season. Farquhar then signed a one year contract with the Saints May 31, 1999. The contract provided for a yearly salary of $429,000.00 for the 1999 season.
 

 
 *406
 
 On August 1, 1999, Farquhar. suffered a career ending injury to his right knee during training camp. He reported this injury to the trainer and received medical treatment. Farquhar was placed on the Reserve/Injured list September 5, 1999 for 97 days. He was never placed on the Active Roster for the Saints for the 1999 season. His contract was then cancelled and he did not play any games that season. However, the Saints did pay Farquhar his entire contract amount of $429,000.00, plus severance.
 

 | .jOn January 31, 2000, Farquhar filed a disputed claim for compensation against the New Orleans Saints alleging no wage benefits had been paid, no medical treatment had been authorized, he had not been granted his choice of physicians, and he was disabled. He also sought penalties and attorney fees. Farquhar claimed his average weekly wage was $8,250.00 for a workers’ compensation rate of $367.00.
 

 The Saints filed an answer to Farqu-har’s disputed claim for compensation on May 30, 2000 and then filed a motion for summary judgment January 8, 2001. In the motion, the Saints argued it had paid all medical expenses and had paid Farqu-har his full salary for 1999 and a severance. Therefore, the Saints sought rights to a credit or offset against any obligation for supplemental earnings benefits due to these payments. The workers’ compensation court denied the motion for summary judgment September 27, 2001.
 

 Farquhar then filed a motion seeking to have La. R.S. 23:1225(D) declared unconstitutional and to have his claim transferred to the Orleans Parish Civil District Court. Farquhar also filed an amended disputed claim for compensation on September 28, 2001 alleging the unconstitutionality of La. R.S. 23:1225(D). Farquhar questioned the portion of the statute that provided that workers’ compensation benefits payable to a professional athlete shall be reduced or offset on a dollar-for-dollar basis, if the athlete receives payment from any of the following: any wages or benefits, a collective bargaining agreement, a contract of hire, severance pay, injured reserve pay, termination pay, grievance or settlement pay, workers’ compensation benefits, or any other payment pursuant to a contract or agreement.
 

 Farquhar’s workers’ compensation claim was then stayed and the case was sent to the Twenty-Fourth Judicial District Court for review of the constitutionality |4of La. R.S. 23:1225. Section (D) of this statute was then repealed by Legislative Acts 2004, No. 561 Section 1, therefore, the trial court sent the matter back to the workers’ compensation court.
 

 Farquhar filed a motion for summary judgment April 6, 2004 claiming he was owed indemnity payments, supplemental earnings benefits, and medical expenses. On April 7, 2005, the workers’ compensation court denied Farquhar’s motion for summary judgment finding disputed issues of material fact. The Saints then filed as amended answer on January 26, 2007, asserting all rights to reduce benefits as provided for in La. R.S. 23:1206.
 

 A trial on the merits was held on October 9, 2007. Post-trial memos were prepared for the court. In his memo, Farqu-har claimed he was owed $384.00 per week for August 1, 1999 through December 31, 2006 and continued payments. He argued his average weekly wage, and benefits, should be based on the maximum compensation rate because he received his entire salary of $429,000.00 for the year 1999. Farquhar also argued he was owed penalties and attorney fees because of the late payment of indemnity benefits under the 2006 Collective Bargaining Agreement between the NFL and the National Football League Players Association.
 

 
 *407
 
 The Saints argued Farquhar’s contract, signed in May 1999, did not take effect because his injury occurred prior to the beginning of the 1999 season and he was then placed on the injured reserve list. Therefore, the Saints argued it was immaterial that Farquhar was paid his entire contract price for 1999, because he was never on the active roster for 1999.
 

 The workers’ compensation court issued a judgment on May 13, 2008 addressing Farquhar’s average weekly wage, his entitlement to benefits, and his entitlement to attorney’s fees and penalties. In determining Farquhar’s average ^weekly wage and his entitlement to benefits, the court applied the calculation methods this Court used in
 
 Hughes v. New Orleans Saints & LWCC,
 
 05-712 (La.App. 5 Cir. 2/27/06), 924 So.2d 1086.
 

 The workers’ compensation court agreed with the Saints and found the fact that Farquhar had been paid his entire 1999 contract amount was immaterial to the determination of benefits. The court found that Farquhar had performed services for only 97 days, or 13.857 weeks, and earned $9,302.93 during that time. He earned $5,237.19 for pre-season training camp, work out pay of $3,360.00, and mini-camp pay of $685.74. The court found Farqu-har’s average weekly wage to be $671.35, representing total earnings of $9,302.93 divided by the 13.857 weeks Farquhar worked in 1999.
 

 The workers’ compensation court then addressed Farquhar’s entitlement to supplemental earnings benefits on the $671.35 average weekly wage. The court found that Farquhar would have been entitled to $367.35 per week in supplemental earnings benefits. The court then applied La. R.S. 23:1221(3)(d)(i) and found that Farquhar’s entitlement to supplemental earnings benefits would have ended July 31, 2002. The court further determined, based on Farqu-har’s monthly reports of earnings, that his earnings exceeded 90% of his pre-accident earnings beginning August 1, 2002. Therefore, his entitlement to supplemental earnings benefits began after his injury, August 1, 1999 and terminated July 31, 2002. The trial court found Farquhar had failed to establish a continued right to supplemental earnings benefits beyond that date.
 

 Thus, the court found Farquhar was entitled to an award of $52,866.35 for back compensation benefits, less a credit for 25 weeks of benefits, or $9,175.00. The court applied the 2006 NFL Collective Bargaining Agreement, which provided the 25 week credit to the employer if the player’s full contract salary was paid even |fithough the player was released due to a workers’ compensation injury. Both parties agreed that this collective bargaining agreement applied to this case. The court ultimately awarded Farquhar $43,691.35 in benefits, plus interest from April 20, 2007, the date the stay was lifted in the workers’ compensation court. The defendants were also ordered to pay all costs.
 

 Further, the workers’ compensation court found an award of penalties or attorney’s fees to Farquhar was inappropriate. Farquhar originally filed his claim in February 2000. Farquhar requested several continuances and the case was stayed in order for the constitutionality of La. R.S. 23:1225(D) to be addressed.
 

 Farquhar now appeals this judgment arguing four assignments of error. First, Farquhar argues his average weekly wage was not correctly calculated because it was only based on a limited amount of his pre-injury wages and not a true earning capacity of an NFL football player. Second, he argues the court erred by limiting his supplemental earnings benefits by applying the incorrect calculation of the average weekly wage and then applying the two
 
 *408
 
 year time limitation under La. R.S. 23:1221(3)(d)(i). Third, Farquhar argues the court failed to apply a correct interest calculation by awarding interest from the date of the court order as opposed to the date that compensation was actually due. Finally, Farquhar argues the court miscalculated the supplemental earnings benefits due in August 2001.
 

 For the reasons which follow, we affirm the judgment of the workers’ compensation court.
 

 DISCUSSION
 

 The appellate court’s review of the workers’ compensation judge’s findings of fact is governed by the manifest error or clearly wrong standard.
 
 Newsome v. New Orleans Saints,
 
 08-311 (La.App. 5 Cir. 10/14/08), 996 So.2d 637, 639, citing
 
 Smith v. Louisiana Dept. of Corrections,
 
 93-1305 (La.2/28/94), 633 So.2d 129, 132. A court of appeal may not overturn a judgment of the workers’ compensation judge absent an error of law or a factual finding, which is manifestly erroneous or clearly wrong.
 
 Newsome v. New Orleans Saints,
 
 supra, citing
 
 Hughes v. New Orleans Saints & LWCC,
 
 05-712 (La.App. 5 Cir. 2/27/06), 924 So.2d 1086.
 

 In three of his assignments of error, Farquhar argues the workers’ compensation court incorrectly calculated his average weekly wage and thus incorrectly determined his supplemental earnings benefits. He asserts his average weekly wage should have been calculated using the true earning capacity of an NFL football player. Instead, the workers’ compensation court used the amount he had actually been paid in 1999 before his injury to calculate his average weekly wage. Additionally, Farquhar argues if his average weekly wage was based on his contract salary of $429,000.00, he would have been entitled to supplemental earnings benefits after July 31, 2002, because what he earned was not more than 90% of his pre-injury wage based on this higher salary. And finally, he argues the court incorrectly calculated his benefits for August 2001.
 

 In deciding Farquhar’s average weekly wage and entitlement to supplemental earnings benefits, the workers’ compensation court applied this Court’s findings in
 
 Hughes v. New Orleans Saints & LWCC,
 
 05-712 (La.App. 5 Cir. 2/27/06), 924 So.2d 1086. Hughes was also a professional football player with the New Orleans Saints and he signed a contract for the 1999 season with a salary of $400,000.00. Hughes suffered a career ending injury in August 1999 during a pre-season game and was released prior to the beginning of the regular season. Hughes earned a total of $33,182.92 in compensation from the Saints pi'ior to his release. This amount included a signing bonus, training camp pay, mini-camp pay and work-out pay. Hughes was also paid $60,000.00 in severance.
 

 ^Thereafter, Hughes was employed as a loan officer with a starting salary of $55,225.00. His income steadily rose to $165,973.00 in 2000 and in 2003 was $206,904.00. Hughes filed a disputed claim for compensation in April 2000 seeking benefits based on his full contract salary of $400,000.00. Hughes also sought supplemental earnings benefits and attorney’s fees and penalties.
 

 The workers’ compensation court concluded that Hughes was entitled to supplemental earnings benefits of $367 per week from the date of the injury until the time of the judgment. The court also found Hughes was entitled to penalties and attorney’s fees because defendants were arbitrary and capricious in their refusal to pay Hughes’ expenses.
 

 
 *409
 
 On appeal, this Court found the workers’ compensation court had used an incorrect pre-injury wage amount to calculate Hughes’ level of supplemental earnings benefits. This Court held that Hughes was entitled to supplemental earnings benefits only if he proved he could not earn 90% of his pi’e-injury wages actually earned during his pre-season participation with the Saints, which was $33,182.93. This Court further found Hughes was not entitled to supplemental earnings benefits since he began working six weeks after his injury and was earning more than 90% of his pre-injury wages. Additionally, this Court found Hughes’ claim was reasonably controverted based on the information available to the employer. Therefore, he was not entitled to penalties and attorneys fees.
 

 This Court recently applied the same calculation method in
 
 Newsome v. New Orleans Saints,
 
 08-311 (La.App. 5 Cir. 10/14/08), 996 So.2d 637. In
 
 Newsome,
 
 the claimant, a professional football player with the Saints, was released from the team prior to the regular season, and thus, never became a member of the active roster. This Court found he was not actually entitled to the wages set forth in his Incontract for that year. This Court used Newsome’s wages earned for preseason play for the pux’poses of determining his workers’ compensation benefits.
 

 Based on
 
 Hughes
 
 and
 
 Newsome,
 
 we find the workers’ compensation court correctly calculated Farquhar’s average weekly wage based on the amount he actually earned prior to his injury, and not on his contract amount. We also agree with the trial court and find the fact that the Saints ultimately paid Farquhar his entire contract amount plus severance is immaterial. For purposes of calculating average weekly wage for workers’ compensation, we must use his actual earnings of $9,302.93 for his 13.857 weeks of preseason involvement with the team before he was released. Therefore, the trial court correctly determined Farquhar’s average weekly wage to be 671.35, based on the $9,302.93 salary earned over 13.857 weeks.
 

 We also agree with the workers’ compensation court’s decision regarding Far-quhar’s entitlement to supplemental earnings benefits. La. R.S. 23:1221 provides, in part, that compensation shall be paid for supplemental earnings benefits in accordance with the following:
 

 (3) Supplemental earnings benefits
 

 (a) For injury resulting in the employee’s inability to earn wages equal to ninety percent or more of wages at time of injury, supplemental earnings benefits equal to sixty-six and two-thirds percent of the difference between the average monthly wages at time of injury and average monthly wages earned or average monthly wages the employee is able to earn in any month thereafter in any employment or self-employment, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee at the time of the injury was particularly fitted by reason of education, training, and experience, such comparison to be made on a monthly basis. Average monthly wages shall be computed by multiplying his “wages” by fifty-two and then dividing the quotient by twelve.
 

 [[Image here]]
 

 (d) The right to supplemental earnings benefits pursuant to this Paragraph shall in no event exceed a maximum of five hundred twenty weeks, but shall terminate:
 

 | m(i) As of the end of any two-year period commencing after termination of
 
 *410
 
 temporary total disability, unless during such two-year period supplemental earnings benefits have been payable during at least thirteen consecutive weeks; or
 

 [[Image here]]
 

 In accordance with La. R.S. 23:1221(3)(a), Farquhar was entitled to two years supplemental earnings benefits if he could prove he was unable to earn wages equal to ninety percent or more of his wages at the time of injury. If Farquhar proved his entitlement to supplemental earnings benefits, he would receive sixty-six and two-thirds percent of the difference between the average monthly wages at the time of injury and the average monthly wages he was earning, or able to earn, in any employment. Additionally, in accordance with La. R.S. 23:1221(3)(d)(i), Farquhar had a right to supplemental benefits earnings for a maximum of five hundred twenty weeks.
 

 As discussed above, Farquhar’s average weekly wage was $671.35. Therefore, Farquhar would only be entitled to supplemental earnings benefits, if he could prove he was earning less than ninety percent of $671.35 per week, or $2,685.40 per month. According to his monthly report of earnings, Farquhar was either not employed or earning less than ninety percent of his pre-injury wage until August 1, 2002, when he began new employment. Therefore, he was entitled to supplemental earnings benefits until July 31, 2002, a total of 144 weeks.
 

 Based on the average weekly wage discussed above, we find the workers’ compensation court correctly found Farquhar was entitled to a total supplemental earnings benefits of $52,866.35 for the 144 weeks. However, we further find that the workers’ compensation court correctly applied Article 54 of the 2006 Collective Bargaining Agreement. That agreement states the Saints are entitled to 25 weeks credit against any compensation liability assessed since Farquhar was paid his entire contract amount. Therefore, the court correctly applied the 25 week l^credit for the Saints and found that Farquhar was entitled to supplemental earnings benefits for 119 weeks in the amount of $43,691.35.
 

 We also agree with the workers’ compensation court and find Farquhar is not entitled to attorney’s fees and penalties. We note, as the workers’ compensation court did, that this case has been ongoing since January 2000. However, the delays stemmed from continuances requested by Farquhar, as well as the stay order concerning the constitutionality of La. R.S. 23:1225(D), which was eventually repealed. The defendants had a valid defense to the claims of Farquhar and were ultimately successful in convincing the workers’ compensation court that Farqu-har’s average weekly wage must be based on his actual earnings and not his total contract amount. Therefore, we affirm the workers’ compensation court’s finding that Farquhar is not entitled to attorney’s fees and penalties.
 

 Finally, we find the workers’ compensation court did not err in ordering Farquhar to be paid interest on the award from the date the stay was lifted. Farqu-har sought the determination of the constitutionality of La. R.S. 23:1225(D), which resulted in his case being stayed for approximately three years. Therefore, he should not be entitled to interest for the period of time the matter was stayed. Thus, we affirm the workers’ compensation court’s finding regarding the interest due on the total award.
 

 Accordingly, we affirm the workers’ compensation court’s judgment awarding Farquhar $43,691.35 in benefits, plus interest from the date the stay was lifted. We further affirm the workers’ compensation
 
 *411
 
 court’s judgment denying Farquhar s claim for penalties and attorney’s fees.
 

 AFFIRMED.