CLARENCE E. McMANUS, Judge.
|Jn this workers’ compensation case, claimant, August Hoffman, appeals the judgment of the workers’ compensation court setting his average weekly wage at $440.00 for the calculation of supplemental earnings benefits from May 25, 2006 through April 30, 2009. For the following reasons, we amend the workers’ compensation court’s judgment and affirm the judgment, as amended.

STATEMENT OF THE CASE

August Hoffman, claimant, was a professional football player for the New Orleans Saints. He was first signed as a player with the Saints in 2004. He was released after the preseason, removed from the active roster and put on the practice squad for five weeks at a rate of pay of $4,350.00 per week. In 2005, Hoffman remained on the practice squad for the entire year at $4,700.00 per week. He again signed a contract with the Saints in 2006. He played in the NFL Europe from February to May 2006 and returned to the Saints in May 2006. In May 2006, he attended team practice, referred to as OTA, or organized team activity, which was voluntary. Pursuant to the Collective Bargaining Agreement, Hoffman earned $110.00 per day for practice or workout days.
|oOn May 25, 2006, Hoffman injured his ankle during practice. He sought medical treatment and eventually learned his ankle was broken and two surgeries were required. He was placed on injured reserve July 25, 2006. He returned to New Orleans in October 2006 and was placed on injured reserve for the entire 2006 season. Hoffman was paid his annual contract salary for the 2006 season and was finally released from the Saints on March 27, 2007.
On November 21, 2006, Hoffman filed a Disputed Claim for Compensation seeking workers’ compensation benefits. He claimed an average annual wage of $275,000.00 plus $70.00 per day per diem for away games. Trial was held June 10, 2009. At trial, the parties stipulated that Hoffman was injured during the course and scope of his employment with the Saints on May 25, 2006 and was temporarily and totally disabled from May 25, 2006 to March 27, 2007. The parties also agreed that there were no outstanding medical bills and Hoffman had received all reasonable and necessary medical treatment related to his injuries through the date of trial.
The workers’ compensation court issued a judgment on August 10, 2009 finding Hoffman entitled to temporary total disability benefits from May 25, 2006 until March 27, 2007, and in accordance with the Collective Bargaining Agreement, the Saints are entitled to 25 weeks credit. The court also found Hoffman’s average weekly wage to be $440.00 for the calculation of benefits. At the time of trial Hoffman’s average monthly wage was $1,906.67. Therefore, the court found he was entitled to supplemental earnings ben *448 efits from May 25, 2006 to April 30, 2009.[1] The court also ordered the Saints to pay all costs and judicial interest.
14Hoffman filed a motion for new trial on August 17, 2009, along with a Motion for Request for Written Reasons for Judgment. The court issued written reasons for judgment on December 1, 2009 and denied the motion for new trial on December 4, 2009. In its reasons for judgment, the workers’ compensation court found that Hoffman was injured prior to the start of the season and actual commencement of the contract, thus, he was only entitled to $440.00 per week as his average weekly wage, based on $110.00 per day for workout pay for four workouts per week. The court found his average monthly wage to be $1,906.67 and found Hoffman would receive supplemental earnings benefits for the months where his earnings did not reach 90% of his average monthly wage.
The workers’ compensation court also found that Hoffman was not entitled to fees and penalties because the parties contributed to the delay in this matter due to multiple continuance requests and the employer has not paid benefits due to a dispute in the calculation of his average weekly wage. Therefore, there was no frivolous legal dispute. The court found it was appropriate to not assess fees and penalties when the employer was simply defending its case in accordance with this Court’s previous holdings.
Hoffman now appeals the workers’ compensation court’s judgment arguing three assignments of error: 1) the court erred in failing to correctly calculate Hoffman’s average weekly wage to reflect true earning capacity of an NFL football player and instead created a formula not contained in a compensation statute based on one workout check earned a week before the injury, 2) the court erred in limiting supplemental earnings benefits by applying the incorrect average weekly wage, and 3) the court erred in failing to award attorney fees and penalties for the Saints’ failure to pay compensation even based on its own average weekly wage calculation.

\ .DISCUSSION

The appellate court reviews the workers’ compensation judge’s findings of fact under the manifest error or clearly wrong standard. Newsome v. New Orleans Saints, 08-311 (La.App. 5 Cir. 10/14/08), 996 So.2d 637, 639 (citation omitted). A court of appeal may not overturn a judgment of the workers’ compensation judge absent an error of law or a factual finding, which is manifestly erroneous or clearly wrong. Hughes v. New Orleans Saints & LWCC, 05-712 (La.App. 5 Cir. 2/27/06), 924 So.2d 1086.
In this appeal, Hoffman argues the workers’ compensation court incorrectly calculated his average weekly wage because it used his rate of pay he was earning during workouts at the time of his injury, $404.00 per week, instead of the total salary listed in his contract for the 2006 season, $175,000.00.
As noted by Hoffman, this Court has addressed cases with very similar facts in the past. Most recently, in Farquhar v. New Orleans Saints, 2008-CA-800 (La.App. 5 Cir. 5/26/08), this Court determined an injured players’ average weekly wage based on the amount the player actually earned prior to his injury. Farquhar was injured prior to the beginning of the regular football season. Farquhar was paid his entire salary for the season, in accordance *449 with his contract, however, this Court found the contract salary was immaterial to a determination of his average weekly wage for workers’ compensation purposes.
Hoffman argues on appeal that Farqu-har, as well as other previous cases decided by this Court, are erroneous decisions. Hoffman contends this Court has incorrectly found that a player must be on an active roster in order to be paid for the season and to have workers’ compensation benefits based on the contract salary. We disagree with Hoffman and find the workers’ compensation court correctly found, as we have previously, that the players’ average weekly wage hmust be based on the amount actually earned at the time of the injury. The fact that the player is subsequently paid the full contract salary while on injured reserve is not pertinent to the calculation of workers’ compensation benefits.
Since Hoffman’s actual earnings were $440.00 per week at the time of the injury, we find the workers’ compensation court correctly found this amount to be his average weekly wage for the calculation of workers’ compensation benefits.
We also find the court correctly found Hoffman is entitled to supplemental earnings benefits for the amount of time he failed to earn 90% of his average monthly wage based on the $440.00 average weekly wage. LSA-R.S. 23:1221(3)(a) provides for supplemental earnings benefits, as follows:
For injury resulting in the employee’s inability to earn wages equal to ninety percent or more of wages at time of injury, supplemental earnings benefits equal to sixty-six and two-thirds percent of the difference between the average monthly wages at time of injury and average monthly wages earned or average monthly wages the employee is able to earn in any month thereafter in any employment or self-employment, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee at the time of the injury was particularly fitted by reason of education, training, and experience, such comparison to be made on a monthly basis. Average monthly wages shall be computed by multiplying his “wages” by fifty-two and then dividing the quotient by twelve.
At trial, Hoffman testified that following his release from the Saints in March 2007, he began working with his father’s mortgage company in May 2007. His salary was commission based only and there were monthly fluctuations in his pay. In May 2008, Hoffman began working with a firm representing football players. Again, his salary was commission based only. From February 2009 until March 2009, Hoffman was unemployed. In April 2009, he began working as the managing director of Huntington Learning Center earning $3,083.00 per month.
For calculation of supplemental earnings benefits, Hoffman’s average monthly wages at the time of injury were $1,906.67, representing his average 17weekly wage of $440.00, times 52 weeks, then divided by 12 months. The workers’ compensation court found that Hoffman is entitled to supplemental earnings benefits from May 25, 2006 until April 30, 2009 because during this time he was earning less than 90% of his average monthly wage at the time of the injury. We agree with the workers’ compensation court’s findings that Hoffman began earning more than 90% of his average monthly wage after April 2009. Therefore, we find the court correctly found Hoffman is entitled to supplemental earnings benefits from May 25, 2006 until April 30, 2009.
*450 Finally, Hoffman argues he is entitled to penalties and attorneys’ fees because of the Saints failure to pay him benefits. Hoffman argues the Saints were required to pay him benefits, even if paid at a rate set by the Saints. The workers’ compensation court found Hoffman is not entitled to penalties and attorneys’ fees. The court found the parties contributed to the delay in reaching a final resolution of this matter due to requests for multiple continuances. Further, the court found that the Saints did not pay benefits due to a dispute in the calculation of the average weekly wage and that the Saints were simply defending themselves in accordance with this Court’s prior rulings.
LSA-R.S. 23:1201(F) provides, in part:
Failure to provide payment in accordance with this Section or failure to consent to the employee’s request to select a treating physician or change physicians when such consent is required by R.S. 23:1121 shall result in the assessment of a penalty in an amount up to the greater of twelve percent of any unpaid compensation or medical benefits, or fifty dollars per calendar day for each day in which any and all compensation or medical benefits remain unpaid or such consent is withheld, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim....
The Saints failed to pay any benefits to Hoffman following his injury, although he was clearly entitled to workers’ compensation benefits. Regardless of lathe dispute concerning the calculation of the average weekly wage, the Saints could have paid benefits to Hoffman using its own wage calculations pending the final resolution of this matter before the court. Therefore, we disagree with the workers’ compensation court and we find the Saints were arbitrary and capricious in failing to pay benefits to Hoffman and find he is entitled to $2,000.00 for penalties and attorneys’ fees. Thus, we amend the workers’ compensation court’s judgment to reflect an award of $2,000.00 to Hoffman for the payment of penalties and attorneys’ fees by the Saints for its failure the pay benefits.
Accordingly, we amend the judgment of the workers’ compensation court to award Hoffman $2,000.00 in attorneys’ fees and penalties and we affirm the judgment, as amended.

AMENDED; AFFIRMED, AS AMENDED

. The original judgment was amended by Consent Judgment of the parties to correct a typographical order concerning this date.