ROBERT A. CHAISSON, Judge.
12This is an appeal by Daniel A. Campbell from a judgment denying his claim for workers’ compensation benefits' filed against his former employer, the New Orleans Saints football team, and their insurer, the Louisiana Worker’s Compensation Corporation. For the following reasons, we affirm the judgment.
FACTS AND PROCEDURAL HISTORY
Mr. Campbell, a professional football player, injured his right knee on June 5, 2009, while at the Saints’ mini-camp. He was treated and cleared to play in late July, but reinjured the knee at practice sometime between July 31 and August 2, 2009. Those injuries ended his career as a player. It was stipulated that the Saints have paid all medical expenses associated with these injuries.
At the time of the injuries, Mr. Campbell was under .a contract with the Saints beginning on March 1, 2009. The contract provided that he would be paid $525 per week for pre-season activities, and if he *1216 made the 58-man roster he would receive $335,000, plus additional payments on a regular season per game basis. If he made the roster for the entire season, his total pay would be $745,000. The contract further provided that if he were unable to perform because of a pre-season 1..¡injury, he would nonetheless receive his $335,000 base contract amount, to be paid in equal installments, beginning with the first game of the season and ending at the end of the 17-game season. Another provision of the contract provided that if he did not make the 53-man roster, he would still be paid $200,000 over the course of the regular season.
Defendants do not contest that Mr. Campbell suffered a work related injury prior to the first game of the season. At the time that he was injured, he was being paid $525 per week for pre-season workouts. Mr. Campbell acknowledges that he was paid pre-season wages equal to, or more than, the $525 per week from the time of his injury until the beginning of the regular season, as well as the $335,000 contract amount over the 17 weeks of the regular season. He was last paid any amounts by the Saints on February 19, 2010. It was also stipulated that the NFL Collective Bargaining Agreement (CBA) for 2006-2012 provided that for every week that a player is paid wages in lieu of compensation, the team at issue receives a one and one-half weeks credit against future payments of compensation, and that in Mr. Campbell’s case, the credit was for 25 weeks.
Evidence presented at the hearing before the Office of Workers’ Compensation (OWC) judge established that Mr. Campbell did volunteer coaching work for several months after his injury. On July 15, 2010, he signed a consulting contract with the Miami Dolphins football team at a salary of $8,000 per month for seven months. Thereafter, the Dolphins renewed Mr. Campbell’s contract at a salary of $275,000 for the following year, and $300,000 per year for the next two years.
On the above evidence and stipulations, the OWC judge ruled that Mr. Campbell was not entitled to any temporary total disability payments because he was paid wages in lieu of compensation. The court further denied supplemental Learnings benefits (SEBs) because Mr. Campbell had failed to prove that he could not earn 90% of his pre-injury wages. Finally, the court denied his request for awards of penalties and attorney fees. This appeal followed.
LAW AND DISCUSSION
Mr. Campbell’s primary argument is that the OWC judge imposed upon him an improper burden to establish that he was unable to earn wages equal to 90% of his pre-injury wages pursuant to La. R.S. 23:1221(3)(a). Underlying that argument is the assertion that the court improperly calculated his average weekly wage (AWW) by not using his total pay amount for the contract period, but rather by using only the $525 per week figure that he was actually earning when he was injured. He argues specifically that his AWW should be based on his base contract amount of $335,000, or at least on the guaranteed $200,000 payment that he would have been paid had he not made the 53-man roster.
Before addressing these issues, we first note that under the CBA, the Saints qualified for the 25 weeks of credit against compensation which might have been owed. Since Mr. Campbell was paid wages in lieu of compensation through February 19, 2010, the earliest that any compensation would have been due would have been August 13, 2010. We also point out that the OWC judge’s judgment nowhere makes a factual finding of what claimant’s AWW was. However, there is *1217 no question that her decision to deny SEBs could only have been based on a finding that the $2,000 per week earned under his first contract with the Miami Dolphins beginning on July 15, 2010, was more than 90% of his AWW.
In Hoffman v. New Orleans Saints, 10-391 (La.App. 5 Cir. 1/25/11), 56 So.3d 446, writ denied, 11-0676 (La.5/6/11), 62 So.3d 126, a case factually indistinguishable from the present matter, this Court stated:
|fiThe appellate court reviews the workers’ compensation judge’s findings of fact under the manifest error or clearly wrong standard. Newsome v. New Orleans Saints, 08-311 (LaApp. 5 Cir. 10/14/08), 996 So.2d 637, 639 (citation omitted). A court of appeal may not overturn a judgment of the workers’ compensation judge absent an error of law or a factual finding, which is manifestly erroneous or clearly wrong. Hughes v. New Orleans Saints & UNCO, 05-712 (LaApp. 5 Cir. 2/27/06), 924 So.2d 1086.
In this appeal, Hoffman argues the workers’ compensation court incorrectly calculated his average weekly wage because it used his rate of pay he was earning during workouts at the time of his injury, $404.00 per week, instead of the total salary listed in his contract for the 2006 season, $175,000.00.
As noted by Hoffman, this Court has addressed cases with very similar facts in the past. Most recently, in Farquhar v. New Orleans Saints, 08-800 (LaApp. 5 Cir. 5/26/08), [16 So.3d 404, unit denied 09-1366 (La.10/2/09), 18 So.3d 114], this Court determined an injured player’s average weekly wage based on the amount the player actually earned prior to his injury. Farquhar was injured prior to the beginning of the regular football season. Farquhar was paid his entire salary for the season, in accordance with his contract; however, this Court found the contract salary was immaterial to a determination of his average weekly wage for workers’ compensation purposes.
Hoffman argues on appeal that Farqu-har, as well as other previous cases decided by this Court, are erroneous decisions. Hoffman contends this Court has incorrectly found that a player must be on an active roster in order to be paid for the season and to have workers’ compensation benefits based on the contract salary. We disagree with Hoffman and find the workers’ compensation court correctly found, as we have previously, that the players’ average weekly wage must be based on the amount actually earned at the time of the injury. The fact that the player is subsequently paid the full contract salary while on injured reserve is not pertinent to the calculation of workers’ compensation benefits.
The undisputed facts of the present case are that during the week of Mr. Campbell’s injury, he was earning $525 per week. All of the remaining payments that he received arose out of the contract, but were not owed until after the injury, when he was placed on injured reserve. Under the law in this circuit, the only figure of significance is the amount Mr. Campbell was earning at the time of his injury, which was $525 per week. While the OWC judge did not fix an amount in her judgment for Mr. Campbell’s AWW, had she arrived at any figure other than | fi$525 per week, it would have been a manifestly erroneous factual finding and constituted a reversible legal error.
Mr. Campbell argues that Hoffman, supra, and the line of cases upon which it relied, were incorrectly decided. He cites Meier v. New Orleans Saints, 08-1158 (La. App. 4 Cir. 3/12/09), 6 So.3d 944, for the proposition that the entire contract *1218 amount should be used in arriving at the AWW. While that may be a correct reading of Meier, that is not the law in this circuit.
Because the OWC judge properly denied benefits, she was also correct to deny penalties and attorney fees.
DECREE
For the foregoing reasons, the judgment of the Office of Workers’ Compensation is hereby affirmed.

AFFIRMED