No. 2202

Second Circuit

---

## HALL vs. EXCELSIOR STEAM LAUNDRY COMPANY, LTD.

---

(November 4, 1925, Remanded for New Trial.)
(June 30, 1926. Opinion and Decree.)

---

*(Syllabus by the Editor.)*

*1.* **Louisiana Digest—Appeal—Par. 745.**

Where the transcript and plat contained therein to which much of it refers is not sufficiently clear for one to understand the crucial effects of the case, it will be remanded for a new trial.

**2. Louisiana Digest—Damages—Par. 39.**

The amount of medical expenses, bills for nurses and other expense during the wife's illness is allowed the husband for damages resulting from an automobile collision which caused his wife's insanity.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo.

Action by John T. Hall against Excelsior Steam Laundry Company, Ltd.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Bullock & Warren, of Shreveport, attorneys for plaintiff, appellee.

Wilkinson, Lewis & Wilkinson, of Shreveport, attorneys for defendant, appellant.

CARVER, J. We have read and reread the testimony in this case and tried our best to get from it and the plat to which much of it refers a sufficiently clear understanding of the crucial facts to enable us to dispose of it on the present record, but all to no avail.

One of the witnesses locates the cars on the plat by the letters W and X. We find what appears to be a W but are not sure whether it is or not. We find several crosses which may have been intended for X's but do not know which, if any of them, is the X meant by the witness.

Another witness locates the cars by the letters A, B and D. We find several A's, a B and what seems to be a D, but are not sure that it is. If so, it is hardly the D to which the witness refers.

The testimony of these witnesses is unintelligible without proper location of the letters on the plat, and this location we are unable to make although we have examined the plat under a strong light and with a magnifying glass.

We have concluded that the purposes of justice require that the case be remanded for a new trial.

We suggest that on the new trial each witness make his marks on a different blueprint and that the marks be made so that they will show.

For these reasons it is decreed that the verdict of the jury and the judgment of the lower court thereon be set aside and the case remanded for a new trial.

———

ODOM, J. This is a suit by John T. Hall, the husband of Mrs. Blanche E. Hall, to recover $12,376.83, and he alleges, as a cause of action, that a truck driven by one of defendant's employees ran into an automobile driven by his wife, causing great injury to her which resulted in insanity.

He asked for $10,000.00 for the loss of his wife's love, affection and companionship, and $2376.83 for medical expenses, bills for nurses and other expenses during his wife's illness, which, he alleges, resulted from the accident and injury.

The case was tried by a jury which rendered a verdict for plaintiff for $2376.83.

Defendant appealed.

The facts in this case are identical with those in the suit between the same parties styled John T. Hall, administrator, vs. Excelsior Steam Laundry Company, Ltd., No. 2201, this day decided. It is not necessary to here restate the facts and our findings.

In that case plaintiff was awarded $5000.00 damages for the pain and suffering endured by Mrs. Hall as a result of the collision.

In this case the plaintiff asks to be reimbursed the amount of expenses incurred by him incident to his wife's illness and insanity. The amount of his claim does not seem to be contested and the jury awarded to him the amount of his bills. That award is correct. The jury, however, rejected the other item of his demand. Considering the two cases together in all their phases, we have concluded to affirm the judgment in this case as we did in the other.

For the reasons assigned in the case of John T. Hall, Administrator, vs. Excelsior Steam Laundry Company, Ltd., No. 2201, this day decided, it is therefore ordered, adjudged and decreed that the verdict of the jury and the judgment of the court based thereon are affirmed, defendant to pay all costs.

REYNOLDS, J., recused.