939 So.2d 472 (2006)
STATE of Louisiana
v.
Robert James BLUME.
No. 06-KA-131.
Court of Appeal of Louisiana, Fifth Circuit.
July 25, 2006.
*473 Harry J. Morel, Jr., District Attorney, Juan Byrd, Assistant District Attorney, Hahnville, LA, for Plaintiff/Appellee.
*474 Jane L. Beebe, Attorney at Law, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., WALTER J. ROTHSCHILD, and FREDERICKA HOMBERG WICKER.
EDWARD A. DUFRESNE, JR., Chief Judge.
On January 13, 2005, the St. Charles Parish District Attorney filed a bill of information charging defendant, Robert James Blume, in count one with oral sexual battery, a violation of LSA-R.S. 14:43.3, in count two with indecent behavior with a juvenile, a violation of LSA-R.S. 14:81, and in count three with sexual battery, a violation of LSA-R.S. 14:43.1. At his arraignment, defendant pled not guilty. On May 24, 2005, the matter proceeded to trial before a six person jury. After considering the evidence presented, the jury unanimously found defendant not guilty on count one and guilty as charged on counts two and three. Thereafter, defendant filed motions for new trial and post verdict judgment of acquittal, both of which were denied by the trial court.
On August 4, 2005, the state filed a bill of information pursuant to LSA-R.S. 15:529.1 alleging that defendant was a third felony offender. Defendant denied the allegations in the multiple bill. After a hearing, the trial court found defendant to be a habitual offender. The trial court sentenced defendant to twenty years with the Department of Corrections for the sexual battery conviction and ten years for the indecent behavior conviction, to be served consecutively. Defendant now appeals.

FACTS
On June 27, 2004, thirteen year old T.D.[1] went to her friend Nikki Bebic's house in St. Charles Parish. Twenty-nine year old Robert Blume, whom she had met on one prior occasion, was already there. At trial, T.D. testified that defendant started kissing her, touching her breasts, and placing his fingers inside her vagina. He also performed oral sex on her. Later that night, Blume told her that they would have to move into the bedroom to sleep. There, he again started kissing her, touching her breasts, and placing his fingers inside her vagina. She felt something that hurt and she jumped not knowing what he had done. She asked defendant if he had penetrated her, and he replied that he had not. Later, T.D. fell asleep, and when she woke up the next morning, she went home. About a week later, she spoke to defendant on the telephone and told him that she did not feel well. Defendant then admitted that he had penetrated her that night at Bebic's house, but he was not sure if he had ejaculated. T.D. told her friend, Alisha Cognevich, and her counselor, Hope Blanchard, about these sexual incidents. Both of these individuals testified at trial.
Alisha Cognevich testified that T.D. confided in her that she and defendant had sex and that she was concerned she might be pregnant. T.D. asked Cognevich to buy a pregnancy test for her and later went to her house to take the test.
Hope Blanchard testified that during one of their counseling sessions, T.D. told her that she might be pregnant because of two separate sexual incidents involving defendant. After talking to T.D., Blanchard reported the alleged incidents to T.D.'s parents and then to the police.
*475 Lieutenant Pat Boudoin of the St. Charles Parish Sheriff's Office subsequently interviewed T.D. about these allegations. At trial, he testified that the tape that was played for the jury accurately depicted his interview with the victim.
Nikki Bebic also testified at trial. He stated that earlier on the day of the incident, in his St. Charles Parish home, he walked in on T.D. and defendant. Bebic did not see what they were doing, but claimed they sat up in bed "really fast" as though they were trying to cover something up. Later before going to bed, he knew that T.D. and defendant were alone in his bedroom with the door closed where they remained throughout that night. When asked whether he ever saw defendant have any inappropriate contact with T.D., he replied that he saw T.D. sitting on defendant's lap.

ASSIGNMENT OF ERROR NUMBER ONE
On appeal, defendant challenges the sufficiency of the evidence used to convict him.
After his conviction, defendant filed a motion for post verdict judgment of acquittal alleging that the sole testimony of the victim was insufficient to find him guilty of indecent behavior with a juvenile and sexual battery, especially after he was acquitted of oral sexual battery using the same testimony. In addition, defendant filed a motion for new trial alleging that the verdict was contrary to the law and the evidence, and that the ends of justice would be served by granting of a new trial. Both of these motions were denied by the trial court.
Defendant now argues that the trial court erred in denying his motions for post judgment verdict of acquittal and new trial, because the testimony of the victim was not sufficient to establish his guilt beyond a reasonable doubt. He claims that the state failed to prove that there was inappropriate sexual behavior. To support his argument, defendant points out that only the victim testified that there was any sexual behavior, and that Bebic, who was in the house at the time, denied seeing any such behavior.
A post verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the state, does not reasonably permit a finding of guilty. LSA-C.Cr.P. art. 821(B). An appellate review of the denial of the motion for post verdict judgment of acquittal is controlled by the standards set forth in Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979), which is codified in LSA-C.Cr.P. art. 821. State v. Addison, 00-1730 (La. App. 5 Cir. 5/16/01), 788 So.2d 608, 615, writ denied, 01-1660 (La.4/26/02), 814 So.2d 549.
LSA-C.Cr.P. art. 851 provides, in pertinent part, that a "motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded." The trial court shall grant a new trial after a motion from the defendant when the verdict is contrary to the law and the evidence, or the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right. LSA-C.Cr.P. art. 851(1) and (5); State v. Condley, 04-1349 (La.App. 5 Cir. 5/31/05), 904 So.2d 881, 888-889, writ denied, 05-1760 (La.2/10/06), 924 So.2d 163. The decision on a motion for a new trial rests within the sound discretion of the trial judge and his ruling will not be disturbed on appeal absent a clear showing of an abuse of discretion. *476 State v. Quest, 00-205 (La.App. 5 Cir. 10/18/00), 772 So.2d 772, 784, writ denied, 00-3137 (La.11/2/01), 800 So.2d 866.
When a motion for new trial is based on the verdict being contrary to the law and the evidence, LSA-C.Cr.P. art. 851(1), there is nothing for review on appeal. However, the Louisiana Supreme Court and this court have addressed the constitutional issue of the sufficiency of the evidence under this circumstance. Therefore, the denial of the motion for new trial based on the sufficiency of the evidence is properly before this court on review. State v. Lyles, 03-141 (La.App. 5 Cir. 9/16/03), 858 So.2d 35, 50. However, as regards the denial of the motion for new trial based upon serving the ends of justice, LSA-C.Cr.P. art. 851(5), it is settled that a judgment on these grounds denying the motion is unreviewable by an appellate court. An appellate court may review the grant or denial of the motion only for an error of law. LSA-C.Cr.P. art. 858; State v. Terrick, 03-515 (La.App. 5 Cir. 9/30/03), 857 So.2d 1153, 1161, writ denied, 03-3272 (La.3/26/04), 871 So.2d 346.
The standard of review for determining the sufficiency of evidence is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, supra. In the absence of internal contradiction or irreconcilable conflict with the physical evidence, one witness' testimony, if believed by the trier-of-fact, is sufficient support for the requisite factual conclusion. In the case of sexual offenses, the testimony of the victim alone can be sufficient to establish the elements of a sexual offense, even where the state does not introduce medical, scientific or physical evidence to prove the commission of the offense. State v. Turner, 05-75 (La.App. 5 Cir. 5/31/05), 904 So.2d 816, 823, writ denied, 05-2591 (La.5/26/06), 930 So.2d 20.
In the present case, defendant was convicted of one count of sexual battery. That offense is defined in LSA-R.S. 14:43.1 A as follows:
Sexual battery is the intentional engaging in any of the following acts with another person where the offender acts without the consent of the victim, or where the act is consensual but the other person, who is not the spouse of the offender, has not yet attained fifteen years of age and is at least three years younger than the offender:
(1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender; or
(2) The touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim.
Defendant was also convicted of one count of indecent behavior with a juvenile. LSA-R.S. 14:81(A) defines that offense as follows:
Indecent behavior with juveniles is the commission of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person. Lack of knowledge of the child's age shall not be a defense.
In the present case, at the time of the offenses, T.D. was thirteen years old and defendant was twenty-nine years old, and they were not married to each other. The victim testified that, on June 27, 2004, there were two instances of inappropriate *477 sexual contact. The first instance occurred an hour after her arrival at Bebic's house, when defendant kissed her, touched her breasts, placed his fingers inside her vagina, and performed oral sex on her. The second instance occurred later that night in Bebic's bedroom, when defendant again kissed her, touched her breasts, placed his fingers inside her vagina, and penetrated her with his penis. A week later, defendant admitted to the victim that he had penetrated her that night. Bebic testified that he saw defendant inappropriately have T.D. sit on his lap. Cognevich testified that T.D. asked her to buy a pregnancy test, because she had sex with defendant. Blanchard testified that T.D. told her that she might be pregnant, because of two separate sexual incidents involving the defendant.
Viewing the evidence in this case in the light most favorable to the state, we find that a rational trier of fact could have found that the state proved the essential elements of indecent behavior with a juvenile and sexual battery beyond a reasonable doubt. In addition, the jury could have found the testimony of the victim to be credible. Therefore, the trial court did not err in denying defendant's motions for post verdict judgment of acquittal and new trial based on the sufficiency of the evidence. The arguments raised by defendant in this assigned error are without merit.

ASSIGNMENT OF ERROR NUMBER TWO
In his second assigned error, defendant asserts that the trial court erred in imposing an excessive sentence. Pursuant to our error patent review, we find it necessary to vacate defendant's sentence on the multiple offender finding and to remand the matter for resentencing. Accordingly, any arguments raised by defendant relating to sentencing will not be addressed at this time.

ERROR PATENT DISCUSSION
We have also reviewed the record for errors patent in accordance with LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
First, although defendant was charged as a third felony offender, the trial court failed to specify that it found defendant to be a third felony offender. Rather, the trial judge just determined that defendant was a habitual offender. At one point, defense counsel asked for clarification that defendant was found to be a third felony offender. The judge replied:
He was charged  I figured it on a multiple offender, meaning the first multiple, meaning doubled. He could have gotten more then [sic] that. I may have misstated that. The numbers still don't change. He is still a multiple offender, and he will serve 20 years on the first count and ten years on the other one, to run consecutive to each other.
Since the trial judge failed to specify that defendant was a third felony offender, the sentence is defective because it is not determinate. Therefore, we vacate the sentence on the multiple offender finding and remand the case for a determination of the number of felonies proven by the state and for resentencing following that determination. State v. Olivieri, 03-563 (La.App. 5 Cir. 10/28/03), 860 So.2d 207, 219.
Second, there is no indication in the record that the trial court gave defendant notice of the registration requirements for sex offenders as required by LSA-R.S. 15:543(A). LSA-R.S. 15:542 requires that all persons convicted of a sex offense must register with the sheriff of *478 the parish where the person resides. LSA-R.S. 15:543(A) requires the trial court to provide written notification of the registration requirements to the defendant upon judgment and sentencing.
Finally, the sentencing transcript reflects that the trial court incorrectly informed defendant about the prescriptive period for filing post-conviction relief. LSA-C.Cr.P. art. 930.8(A) states that a defendant has two years after the judgment of conviction and sentence has become final to file for post-conviction relief. The trial judge advised defendant that he had "two years from this date to the finality of the conviction to file any habeas corpus, post conviction relief."
Accordingly, we affirm defendant's convictions and vacate the sentences on the multiple offender finding. Following resentencing on the multiple offender finding, we instruct the trial judge to properly advise defendant of the prescriptive period for post-conviction relief and to further advise defendant of the registration requirements for sex offenders.
CONVICTION S AFFIRMED; MULTIPLE OFFENDER SENTENCES VACATED; MATTER REMANDED.
NOTES
[1] In accordance with LSA-R.S. 46:1844, the victim, who is a minor, and her family will be referred to by their initials to protect the victim's identity.