Dear Mr. Frickey:
On behalf of the Sunset Drainage District (District), you have asked for an opinion from this office as to whether the District is authorized, under La.R.S. 38:1601, et seq., to sell a parcel of real estate belonging to the District. Further, if the District is allowed to sell such property, you asked whether the District is required to advertise and follow state bid law if the District wants to sell the property to St. Charles Parish. You further seek this office's guidance on any special matters concerning the sale, such as any required terms and conditions of such sale.
Since your initial inquiry, you have confirmed with this office that the parcel of real estate at issue is the same parcel in which the District filed a successful Petition for Declaratory Judgment to assert its legal ownership. The property comprises a certain tract known as Lot 761, situated in St. Charles Parish, and containing 271 acres. The Louisiana Fifth Circuit Court of Appeal affirmed the 29th JDC judgment (No. 53, 701) that recognized the District as legal owner of the property by virtue of a 1921 Sheriffs sale.[1]
Also, since your initial inquiry, you have stated that the District wants to sell this property to St. Charles Parish and structure payments from the Parish on the property in such a manner that they are used to offset annual funding allocations from the Parish to the District.
For the reasons discussed below, we are of the opinion that the District is authorized, under the Revised Statutes, to sell this property, as the District acquired the property by Sheriff's Deed subsequent to a tax sale. Further, when the District chooses to sell the property, the property may be sold by public or private sale, as the District deems proper and advisable. While the District is not required to strictly follow state public bid *Page 2 
law for the reasons discussed below, it would be prudent for the District to abide by the sale provisions found within La.R.S. 33:4712 as closely as possible. Further, an appraisal will be a required condition for St. Charles Parish to purchase the property under La.R.S. 33:4712.10
This opinion is based on the following. "Drainage Districts that Require Leveeing and Pumping" are covered under the Louisiana Revised Statutes at Title 38, Chapter 6. Within this Chapter, La R.S. 38:1676 provides that, where drainage districts organized under Article 15 of the Louisiana Constitution of 1921 and pursuant to La.R.S. 38:1601 — 1675, have acquired property in the district at tax sales made by the parish sheriff and ex-officio tax collector, and the three year period in which the property may be redeemed has expired, then all right, title, and interest is ratified and confirmed to the district. The district then has the right to sell such property at a public or private sale, in whole or in such parts as deemed proper and advisable by said districts, and under terms and conditions deemed advisable by the district.Id.
La.R.S. 38:1674.14 provides for an acreage tax that is specific for the Sunset Drainage District of St. Charles Parish. This provision is located under Chapter 6 and its placement in that portion of the Revised Statutes suggests that the Legislature intended for Sunset Drainage District to be a "Drainage District that Requires Leveeing and Pumping" and that, as a consequence, La.R.S. 38:1676 applies to the District. Further, the District asserted La.R.S. 38:1676 as authority for the District's right, title, and interest in and to the property when it filed its Petition for Declaratory Judgment that led to judicial recognition of the District as legal owner. Upon review, the Fifth Circuit did not reject or even further discuss the District's reliance upon La.R.S. 38:1676 for authority.[2]
We note that the District may opt for a private sale, should the District so choose, under the specific authority of La.R.S. 38:1676, notwithstanding the general public bid law requirements of La.R.S. 41:131, et seq. The public bid requirements of La.R.S. 41:131, et seq., are part of the general law on the disposition of property. However, La.R.S. 38:1676 is specific to tax sale properties of "Drainage Districts Requiring Leveeing and Pumping". The Louisiana Fourth Circuit has noted, "the general maxim applies that the more specific law controls where there is a conflict between a general law and a specific law." Smason v. Celtic Life InsuranceCo., 615 So.2d 1079, 1087 (La.App. 4 Cir. 1993). Thus, it is our opinion that the applicable aw, cited above, provides the District with the authority to sell the subject property at a public or private sale.
We offer the following procedural guidance if this property is sold to St. Charles Parish. Previous Attorney General opinions[3]
have stated that, political subdivisions should adhere as closely as possible to the sale and exchange procedure applicable to municipalities as set forth in La.R.S. 33:4712. This statute allows a municipality to sell property (including real property) to other political corporations of this state, or to a *Page 3 
private person, at public or private sale that, in its opinion, is not needed for public purposes.[4] However, certain procedural provisions need to be followed, including the introduction of an ordinance.[5] This ordinance requirement may be met by the District with a board resolution.[6]
Since the District's ownership of this property is recognized by virtue of a 1921 Sheriff's sale, further guidance on La.R.S. 41:1338 is in order and timely due to recent legislation. La.R.S. 41:1338 requires that any property acquired by a political subdivision shall first be offered for sale at fair market value back to the original grantor, donor, or vendor, or his successors in title[7]. Recent legislation eliminates any potential requirement for the District to first offer this property for sale to the District's predecessor-in-title. Act 282 of the 2010 Regular Session of the Louisiana Legislature provides a specific exemption from La.R.S. 41:1338 for the sale of property adjudicated to the state for nonpayment of taxes in the tax years 1880 through 1973.[8] Act 282 is applicable, as title to the property passed, in the name of the State, to the District, in connection with the 1921 tax sale. This interpretation is consistent with more recent tax sales where property is adjudicated directly by the political subdivision to the political subdivision and such property does not have to be first offered for sale back to the predecessor-in-title. For example, La.R.S. 47:2237[9] provides authority for the sale of *Page 4 
adjudicated property by a political subdivision where the subdivision has declared that it intends to acquire full ownership under La.R.S. 47:2236.[10] La. R.S 47:2237 specifically states that the provisions of R.S. 41:1338 shall not apply.
In summary, it is the opinion of this office that the District is authorized, under La.R.S. 38:1676, to sell this property by public or private sale. While the District is not required to strictly follow state public bid law, we recommend that the District abide by the sale provisions found within La.R.S. 33:4712 as closely as possible. An appraisal will be a required condition for St. Charles Parish to purchase the property.
We hope this sufficiently answers your inquiry; however, if we may be of further assistance please do not hesitate to contact our office.
Very truly yours,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:__________________________ BRADLEY OVERTON Assistant Attorney General
JDC:BO:tp
[1] Board of Commissioners for the Sunset Drainage District v. Rivet, et al., 05-441 (La.App. 5 Cir. 1/17/06), 921 So.2d 1046.
[2] Id. at 1047
[3] La. Atty. Gen. Op. No. 92-606; La. Atty. Gen. Op. No. 03-0056.
[4] La.R.S. 33:4712(A) states that:
"A municipality may sell, lease for a term of up to ninety-nine years, exchange or otherwise dispose of, to or with other political corporation of this state, or private person, at public or private sale, any property, or portions thereof, including real property, which is, in the opinion of the governing authority, not needed for public purposes."
[5] La.R.S. 33:4712(B), which states in pertinent part that:
"Except at otherwise provided in this Section before disposition can be made of property under the provisions of this Subpart, an ordinance must be introduced, giving the reasons for the action on the part of the governing authority, and fixing the minimum price and terms of the sale, lease, exchange, or other contract to be made with reference to the property . . . Thereafter, notice of the proposed ordinance must be published three times in fifteen days, one week apart, in a newspaper published in the municipality"
[6] See La. Arty. Gen. Op. No. 92-606; La. Arty. Gen. Op. No. 03-0056.
[7] La.R.S. 33:1338
This offer of sale is not required if the contractual agreement by which the property was acquired stipulates otherwise. In the District's situation, while there is no contractual stipulation from the original owner, there is a reasonable equivalent. Consequently, the District should not be required to make a first offer of sale to its predecessor-in-title. To explain, the property at issue was offered for sale by the sheriff and ex-officio tax collector as a result on the original owner's failure to pay taxes. The District acquired this property by making the high bid at this tax sale where full and complete title passed in the name of the State of Louisiana unto the District. (Technically, it was the District's predecessor in interest, St. Charles Municipal Drainage District, No. One, which acquired the property on August 27, 1921.)
[8] LA LEGIS 282 (2010), enacted La.R.S. 41:1338(A)(2)(c).
[9] La.R.S. 47:2237 states that:
"A political subdivision may sell adjudicated property acquired in accordance with R.S. 47:2236 as provided by law. It may donate the property acquired in accordance with R.S. 47:2236 to the extent allowed by the constitution. The provisions of R.S. 41:1338 shall not apply to the property being sold or donated in accordance with R.S. 47:2236."
[10] La.R.S. 47:2236(A) states that:
"Whenever property or tax sale title to property is adjudicated to a political subdivision, the political subdivision may declare, by ordinance duly enacted, that the political subdivision intends to acquire a full ownership interest in the property."