ROBERT L. LOBRANO, Judge Pro Tempore.
li.On September 23, 2004, the Jefferson Parish Grand Jury returned an indictment charging defendant, Derrick Williams, with second degree murder in violation of LSA-R.S. 14:30.1. At the September 27, 2004 arraignment, defendant pled not guilty. Thereafter, on February 10, 2009, the State amended the indictment charging defendant with manslaughter in violation of LSA-R.S. 14:31. On this same date, defendant withdrew his not guilty plea and pled guilty to the amended charge of manslaughter. In accordance with the plea agreement, the trial judge sentenced defendant to thirty years imprisonment at hard labor. On December 28, 2009, the trial court granted defendant an out-of-time appeal.

ANDERS BRIEF

On appeal, defendant’s appellate counsel filed a brief pursuant to the procedure approved by the United States Supreme Court in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. The Anders procedure used in Louisiana was discussed in State 3v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir.1990), sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-981 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), adopted for use by this Court in State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110, and expanded by the Louisiana Supreme Court in State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam).
In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it.[1] The request must be accompanied by “a brief referring to anything in the record that might arguably support the appeal” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be *642 permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In State v. Jyles, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The Supreme Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.”
14When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. State v. Bradford, 676 So.2d at 1110.
In his brief, defendant’s appellate counsel asserts that after a detailed review of the record, he could find no non-frivolous issues to raise on appeal. Counsel first discusses the trial court’s ruling on defendant’s motion to suppress statement. He specifically notes the testimony of Detective Gorumba at the suppression hearing that he advised defendant of his rights and that defendant signed the waiver of rights form indicating that he wished to waive his rights and give a statement. Counsel further points out that the defense offered no evidence to contest Detective Gorumba’s testimony and concludes that the denial of defendant’s motion to suppress statement was not unsupported by the evidence.
In his brief, appellate counsel next addresses the competency proceedings. Recognizing that defense counsel stipulated to defendant’s competency, appellate counsel asserts that the record supports the trial court’s determination that defendant was competent to proceed.
Counsel also contends that defendant’s thirty year sentence at hard labor is significantly less severe than the sentence mandated by law for the original charge of second degree murder and is ten years less than the maximum available for the manslaughter crime to which defendant pled guilty. He further notes that the sentence, which was imposed in compliance with the plea agreement, does not appear to be constitutionally excessive under the circumstances of the case.
|fiIn his brief, appellate counsel lastly asserts that the indictment appears to be in order and the minutes indicate that defendant was present for all critical court proceedings.
Along with his brief, appellate counsel has filed a motion to withdraw as attorney of record, stating that he has conducted a conscientious and thorough examination of the record herein and found no non-frivolous issue upon which to arguably support an appeal. He contends he mailed a copy of the brief he filed to defendant and moves to withdraw from the case, preserving to defendant any and all rights including the right to file a pro se supplemental brief. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until July 15, 2010, to file a pro se supplemental brief. In a subsequent order, this Court gave defendant until August 5, 2010 to file a supplemental *643 brief in this appeal. As of this date, defendant has not filed a supplemental brief.
Our independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues and no rulings which arguably support an appeal. In the present case, defendant pled guilty to manslaughter. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes a review of such defects either by appeal or post-conviction relief. State v. Wingerter, 05-697 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664.
Defendant filed a motion to suppress confession, identification, and physical evidence. However, only the motion to suppress statement was presented at the hearing, after the State verified that no physical evidence was recovered and that there were no photographic lineup identifications other than those made by the co-defendants. The trial judge denied the motion to suppress statement, finding that lathe statement was freely and voluntarily given after full advice of rights. This ruling was not preserved for appeal under the holding in State v. Crosby, 338 So.2d 584 (La.1976). As such, the trial court’s denial of the motion to suppress statement is not an issue that would support an appeal.
Another ruling by the trial court that is included in the record is from the September 12, 2007 hearing, where the trial court found that defendant was competent to proceed to trial. Defense counsel appeared to stipulate as to defendant’s competency at the hearing. As such, this ruling does not present an issue that would support an appeal.
With regard to defendant’s guilty plea, the record shows that defendant was aware he was pleading guilty to manslaughter. Defendant was advised of his right to a judge or jury trial, his right to confrontation, and his privilege against self-incrimination, as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Defendant was advised of these rights by means of the waiver of rights form. He was also advised of these rights during the colloquy with the trial judge. Defendant indicated during the colloquy that he understood that he was waiving these rights.
The waiver of rights form reflects that defendant was satisfied with his attorney’s explanation and that he had not been forced, coerced, or threatened tc plead guilty. The form also reflects that defendant was advised that his guilty plea could be used against him in the future if he was convicted of another felony, making the possible penalty greater. Defendant was also advised that he faced a possible sentencing range of zero to forty years and that he would be sentenced to thirty years at hard labor. With the knowledge of all that the judge explained to him, defendant indicated that he still wanted to plead guilty.
17With regard to defendant’s sentence, we note that it falls within the sentencing range prescribed by statute. See LSA-R.S. 14:31. Further, defendant’s sentence was imposed pursuant to a plea agreement. LSA-C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. See State v. Washington, 05-211 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173.
Based on the foregoing, the proceedings surrounding defendant’s plea of guilty and his sentence do not appear to present any non-frivolous issues'to be raised on appeal. Because appellant counsel’s brief adequately demonstrates by full discussion and analysis that he has reviewed the trial *644 court proceedings and cannot identify any basis for a non-frivólous appeal, and an independent review of the record supports counsel’s assertion, appellate counsel’s motion to withdraw as attorney of record is granted.

ERROR PATENT REVIEW

The record was reviewed for errors patent in accordance with LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Wetland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals no errors patent in this case.
For the foregoing reasons, defendant’s conviction and sentence are affirmed. The motion to withdraw as counsel for defendant is hereby granted.

CONVICTION AND SENTENCE AFFIRMED.

. The United States Supreme Court most recently reaffirmed its position in Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).