SUSAN M. CHEHARDY, Judge.
Ijn this case, defendant’s appointed appellate counsel has filed an Anders[1] brief on defendant’s behalf, asserting there is no basis for a non-frivolous appeal. For the reasons which follow, we affirm defendant’s conviction and sentence.

Facts and Procedural History

In this case, defendant pled guilty without proceeding to trial. Thus, the facts were gleaned from the guilty plea colloquy. Defendant testified that, on March 29, 2010, Sean Johnson drove defendant to Robinson Avenue, where the two men observed the victim and drove toward him. Then, using Sean Johnson’s firearm, defendant shot at the victim, firing until the clip was empty. Defendant admitted that he killed Ivan Boudreaux using Sean Johnson’s gun.
On July 22, 2010, a Jefferson Parish Grand Jury indicted defendant, Isiah L. Skinner,[2] on one count of second degree murder, a violation of La. R.S. 14:30.1. On February 28, 2012, the Jefferson Parish District Attorney amended the bill of information to reduce defendant’s charge to *1201 one count of manslaughter, a violation Rof La. R.S. 14:31. On that same date, defendant entered a plea of guilty as charged to the amended bill of information.
Likewise, on February 28, 2012, pursuant to a plea agreement set forth in the record, the trial judge sentenced defendant to 40 years at hard labor, to run consecutively to his sentences in an unrelated matter,[3] with credit for time served. On May 24, 2012, defendant filed an application for post-conviction relief seeking an out-of-time appeal, which was granted on July 2, 2012. This appeal follows.

Discussion

Under the procedure set forth by our brethren on the Fourth Circuit in State v. Benjamin,[4] which was sanctioned in State v. Mouton[5] and adopted by this Court in State v. Bradford,[6] appointed appellate counsel has filed a brief pursuant to Anders v. California, supra, and State v. Jyles,[7] asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record.
In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it.[8] The request must be accompanied by “ ‘a brief referring to anything in. the record that might arguably support the appeal”’ so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court |4“in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.”[9]
In State v. Jyles,[10] the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pre-trial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” [11]
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is *1202 wholly frivolous.[12] If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing legal points identified by the court, or grant the motion and appoint substitute appellate counsel.[13]
Defendant’s appellate counsel asserts that, after a conscientious and thorough review of the record, she could find no non-frivolous issues to raise on appeal. She sets forth a procedural history of the case, but does not provide a statement of the facts, stating incorrectly that the facts were not revealed in the ^record. As noted above, defendant himself provided the facts surrounding the victim’s death during the guilty plea colloquy. Appellate counsel further states that there were no motions heard that would provide sufficient facts surrounding the arrest.
Although appellate counsel submits that she can find no ruling of the trial court that arguably supports the appeal, she reports that she considered whether to raise an issue of excessive sentence but was compelled to conclude that such a claim would be frivolous. She contends that defendant was adequately informed by the plea form that he faced a sentence up to 40 years and would be sentenced to 40 years. She also notes that defendant was informed as to the underlying sentence in the plea colloquy. She concludes that the 40-year sentence would not be regarded as constitutionally excessive.
Appellate counsel has filed a motion to withdraw as attorney of record, which states she has made a conscientious and thorough review of the record and can find no non-frivolous issues to raise on appeal. She contends that her brief is in compliance with Anders and that she has notified defendant of the filing of her motion and advised him of his right to file a pro se brief in this appeal.
Additionally, this Court sent defendant a certified letter on October 16, 2012 informing him that an Anders brief had been filed and that he had until November 14, 2012, to file a pro se supplemental brief. When defendant sought leave to file a supplemental brief, this Court provided defendant with a copy of the appellate record in this matter and extended his briefing deadline to November 25, 2012. As of the date of this opinion, defendant has not filed a supplemental brief in this matter.
The State responds that appellate counsel has shown a conscientious and thorough review and recitation of the procedural history of the case, and has cast |fian advocate’s eye over the record and determined there were no significant non-frivolous issues upon which to base an appeal. The State agrees that the bill of information properly charged defendant; that defendant was present for every crucial stage of the proceedings; that defendant’s plea was knowing, intelligent, voluntary, and valid; and, finally, that defendant’s sentence was not excessive. The State acknowledges that counsel has conformed with and followed the procedures set forth in Anders and Jyles and suggests that her request to withdraw should be granted. The State requests that this Court affirm defendant’s conviction and sentence.
Our independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be *1203 raised on appeal. First, the bill of information in this case properly charged defendant and plainly and concisely states the essential facts constituting the offenses charged. It also sufficiently identifies defendant and the crimes charged.[14]
Next, the minute entries and commitment reflect that defendant appeared at each stage of the proceedings against him. He attended his arraignment, his motion hearings, his guilty plea proceedings, and his sentencing.
Further, defendant pled guilty to one count in the amended bill of information. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief.[15] An unconditional plea, willingly and knowingly made, waives any and all non-jurisdictional defendants and bars a defendant from later asserting on appeal that the State failed to produce sufficient proof at the multiple offender hearing.[16]
| -Additionally, several pre-trial motions were filed in this case. The record reflects rulings on all of these pre-trial motions. Further, no rulings were preserved for appeal under State v. Crosby, 338 So.2d 584 (La.1976).
Next, we find that the record does not reveal any irregularities in defendant’s guilty pleas. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief.[17] A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin[18] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept.[19]
During the guilty plea proceeding, defendant was informed in writing in the waiver of rights form and verbally by the trial judge that he was charged with and pleading guilty to one count of manslaughter. Further, defendant was informed of his Boykin rights — his right to a judge or jury trial, to confrontation, and to remain silent — in writing on the waiver of rights form and verbally by the trial judge. Defendant indicated in writing and verbally that he understood that he was waiving these rights.
During this proceeding, defendant stated that he had not been forced, coerced, or threatened to enter a guilty plea. Defendant indicated that he understood the possible legal consequences of pleading guilty, and wished to plead guilty at that time. He also indicated that he understood that by pleading guilty that a future felony conviction could result in the sentence being enhanced. Defendant was told during the colloquy and by means of the waiver of rights form of the sentencing range that he faced. He was also informed of the sentence that |8would be imposed if his guilty plea was accepted. The judge accepted his guilty plea as knowingly, intelligently, freely, and voluntarily made.
Further, defendant’s sentence was imposed pursuant to a plea agreement. La. C.Cr.P. art. 881.2(A)(2) precludes a defen *1204 dant from seeking review of his- sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea.[20]
Further, defendant’s sentence falls within the sentencing range prescribed by La. R.S. 14:31. Defendant pled guilty to manslaughter. La. R.S. 14:31 provides, “Whoever commits manslaughter shall be imprisoned at hard labor for not more than forty years.” The trial judge sentenced defendant to 40 years “at hard labor in the custody of the Department of Corrections of the State of Louisiana.”[21]
Because appellate counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel’s assertion, we affirm defendant’s conviction and sentence. Further, appellate counsel’s motion to withdraw as attorney of record is granted.

Error patent discussion

In the Anders brief, appellate counsel requests an error patent review, which this Court routinely performs in accordance with La.C.Cr.P. art. 920. Our review reveals no errors patent requiring correction in this case.

AFFIRMED

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. The bill of information also charged co-defendant, Sean A. Johnson, with second degree murder, a violation of La. R.S. 14:30.1 (Count 1); convicted felon with a weapon, a violation of La. R.S 14:91.1 (Count 2), and; aggravated criminal damage to property, a violation of La. R.S. 14:55 (Count 3).

. In case number 10-1403, defendant was sentenced for possession with the intent to distribute marijuana to five years at hard labor, with three years suspended; and, for each of the four burglary counts, to one year each, to run consecutively, with credit for time served.

. 573 So.2d 528, 530 (La.App. 4 Cir.1990).

. 95-0981 (La.4/28/95); 653 So.2d 1176, 1177 (per curiam).

. 95-929 (La.App. 5 Cir. 6/25/96); 676 So.2d 1108, 1110.

. 96-2669 (La. 12/12/97); 704 So.2d 241, 242 (per curiam).

. The United States Supreme Court reaffirmed its position in Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).

. Jyles, supra at 241.

.Id.

. Bradford, supra at 1110.

. Id.

. See generally, La.C.Cr.P. art. 464-66.

. State v. Wingerter, 05-697 (La.App. 5 Cir. 3/14/06); 926 So.2d 662, 664.

. State v. Schaefer, 97-465 (La.App. 5 Cir. 11/25/97); 704 So.2d 300, 304.

. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06); 924 So.2d 1120, 1124.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. McCoil, supra.

. See State v. Washington, 05-211 (La.App. 5 Cir. 10/6/05); 916 So.2d 1171, 1173.

. The trial judge imposed defendant's sentence to run consecutively to sentences imposed on another unrelated matter. See, La.C.Cr.P. art. 883.