SUSAN M. CHEHARDY, Chief Judge.
|2In this case, defendant’s appointed appellate counsel has filed an Anders[1] brief on defendant’s behalf, asserting there is no basis for a non-frivolous appeal. For the following reasons, we affirm defendant’s convictions and sentences and grant counsel’s motion to withdraw.

Facts and Procedural History

In this case, the convictions resulted from guilty pleas so the circumstances surrounding the charged offenses were gleaned from the record, including testimony presented at defendant’s suppression hearings. Here, the record reveals that, on March 16, 2008, Benjamin Walker perpetrated forcible rape upon an adult female, whose date of birth is January 14, 1944.[2] Further, on that same date, Benjamin Walker committed aggravated burglary of a residence on Angus Street in Harvey. Lastly, on April 8, 2008, Benjamin Walker attempted to commit simple burglary of an inhabited dwelling in Marrero.
3On March 5, 2009, the Jefferson Parish Grand Jury indicted defendant, Benjamin Walker, on one count of aggravated rape, in violation of La. R.S. 14:42; one count of aggravated burglary, in violation of La. R.S. 14:60; and one count of attempted simple burglary of an inhabited dwelling, in violation of La. R.S. 14:(27)62.2.[3]
On May 14, 2012, defendant entered guilty pleas to three counts: first, to the reduced charge of forcible rape, in violation of La. R.S. 14:42.1; second, to aggravated burglary, as charged; and, third, to attempted simple burglary of an inhabited dwelling, as charged. That same day, after defendant waived statutory delays, the trial judge, pursuant to a plea agreement set forth in the record, sentenced defendant for forcible rape to “30 years in the Department of Corrections,”[4] the first two of which are without the benefit of probation, parole or suspension of sentence; for aggravated burglary, “30 years Department of Corrections;” [5] and, for the attempted residential burglary, “six years Department of Corrections[6] ... the first year to be served without the benefit of parole, probation or suspension of sentences.”
*1207 In addition, on May 14, 2012, the State filed a multiple offender bill of information alleging that defendant was a second felony offender, pursuant to La. R.S. 15:529.1. That day, defendant stipulated to being a second felony offender. Thereafter, the trial court vacated defendant’s original sentence for forcible rape and imposed an enhanced sentence of “30 years Department of Corrections; the first two years ... without the benefit of probation, parole or suspension of ^sentence.”[7] The trial judge reiterated that all of defendant’s sentences were to run concurrently.
On May 24, 2012, defendant filed a pro se Motion for Reconsideration of Sentence, which the trial judge denied on July 9, 2012. On July 18, 2012, defendant filed an application for post-conviction relief requesting an out-of-time appeal, which the trial judge granted. This appeal follows.

Discussion

Under the procedure adopted by this Court in State v. Bradford,[8] appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, supra, and State v. Jyles[9] appointed counsel requests permission to withdraw as counsel of record.
In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it.[10] The request must be accompanied by “ ‘a brief referring to anything in the record that might arguably support the appeal’ ” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.”[11]
bin State v. Jyles,[12] the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pre-trial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” [13]
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is *1208 wholly frivolous.[14] If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing legal points identified by the court, or grant the motion and appoint substitute appellate counsel.[15]
In her brief, defendant’s appellate counsel asserts that, after a detailed review of the record, she could find no non-frivolous issues to raise on appeal or ruling of the court that arguably supports the appeal. First, counsel sets forth a procedural history of the case, and statement of the relevant facts revealed in the record. Counsel further notes that defendant’s pleas were made without reservation of his right to review pre-trial rulings under State v. Crosby, 338 So.2d 584 (La.1976), so those rulings have not been preserved for review. Counsel ^additionally points out that defendant was adequately informed of the legal consequences of changing his plea by his counsel and the trial judge, who also advised defendant of the rights that he would be waiving by entering his guilty pleas and the sentencing exposure that he faced for each count of the bill of information.
Counsel contends that her brief is in compliance with Anders and that she has notified defendant of the filing of her motion and advised him of his right to file a pro se brief in this appeal. Finally, appellate counsel has filed a motion to withdraw as attorney of record, which states she has made a conscientious and thorough review of the record and can find no non-frivolous issues to raise on appeal.
As a result of that filing, this Court sent defendant a certified letter on July 30, 2013, informing him that his appointed appellate counsel had filed an Anders brief and that he had until August 30, 2013, to file a pro se supplemental brief. When defendant sought leave to file a supplemental brief, this Court provided defendant with a copy of the appellate record in this matter. As of the date of this opinion, defendant has not filed a supplemental brief in this matter.
In its brief, the State responds that appellate counsel has shown a diligent, complete, and thorough description of the procedural history of the case. Further, the State points out that counsel’s brief adequately presents the available facts with accurate citations to the record.
The State concurs that the record does not reveal non-frivolous issues upon which to base an appeal. Specifically, the State agrees that defendant’s pleas were knowing, intelligent, voluntary, and valid; and, finally, that defendant’s sentences were not excessive.
17Consequently, the State acknowledges that counsel has conformed with and followed the procedures set forth in Anders and Jyles. The State requests that this Court affirm defendant’s convictions and sentences.
Most importantly, our independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. First, the bill of information, which followed the bill of indictment handed down in this case, properly charges defendant and plainly and concisely states the essential facts constituting the offenses charged. *1209 It also sufficiently identifies defendant and the crimes charged.[16]
Next, the minute entries and commitment reflect that defendant appeared at each stage of the proceedings against him. He attended his arraignment, his motion hearings, and his guilty plea proceedings and sentencing.
Further, defendant pled guilty to his underlying counts and stipulated to his multiple offender adjudication. Where, as here, a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief.[17] Additionally, although there were several pre-trial motions and rulings, defendant did not, before entering his guilty pleas, reserve his right of appellate review of those rulings under State v. Crosby, 338 So.2d 584 (La.1976), as noted by appellate counsel.
Turning now to defendant’s guilty pleas and multiple offender adjudication, we find that the record does not reveal any irregularities. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be 18withdrawn by appeal or post conviction relief.[18] A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin[19] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain, or what he justifiably believes was a plea bargain, and that bargain is not kept.[20]
The record reflects that, during the guilty plea proceeding, defendant was informed in writing through the waiver of rights form and verbally by the trial judge that he was charged with and pleading guilty to three counts: one count of forcible rape, one count of aggravated burglary, and one count of attempted simple burglary of an inhabited dwelling. Further, on the waiver of constitutional rights form and during the colloquy with the trial judge, defendant was advised of his Boy-kin rights — his right to a trial, to confrontation, and to remain silent. On the waiver of rights form, defendant initialed next to each of these rights and signed the form, indicating that he understood he was waiving these rights by pleading guilty. During the colloquy with the trial judge, defendant also indicated that he understood that he was waiving these rights.
During this proceeding, defendant stated that he had not been forced, coerced, or threatened to enter a guilty plea. Defendant indicated that he understood the possible legal consequences of pleading guilty, and wished to plead guilty at that time. He also indicated that he understood that these guilty pleas could be used to enhance the penalty for future felony convictions. Defendant also was informed that, if he is not a United States citizen, these guilty pleas could result in his deportation.
Additionally, defendant was told during the colloquy and by means of the waiver of rights form of the sentencing ranges that he faced for each count as well |3as the sentence that would be imposed, if his guilty pleas were accepted. After a thorough examination, the trial judge accepted defendant’s guilty pleas as knowingly, in *1210 telligently, freely, and voluntarily tendered.
With respect to defendant’s stipulation to the multiple offender bill, which was filed immediately after defendant’s pleas in the underlying matter, the record shows that defendant was adequately advised of his multiple offender rights. The trial court advised defendant that by stipulating to the multiple bill, he was giving up his right to a hearing, at which the State would have to prove his multiple offender status. Defendant was also advised of the possible sentence that he could receive after his adjudication as a multiple offender as well as the actual sentence that would be imposed upon acceptance of his stipulation to the bill. Throughout the colloquy with the trial court, defendant indicated that he understood his rights relating to the multiple offender proceedings and that he wished to waive those rights. In addition, with respect to the multiple offender adjudication, the record contains a well-executed waiver of constitutional rights form signed by defendant, his attorney, and the trial court indicating that he understood his rights and the consequences of his plea. Thus, the record does not reveal any irregularities in those proceedings.
Moreover, all of defendant’s sentences were imposed pursuant to plea agreements set forth in the record at the time of the agreement. As such, defendant is precluded by law from seeking review of those sentences.[21] Even if review was not precluded, we find no appealable issue because defendant’s sentences fall within the sentencing range set forth in each relevant statute.[22]
| mFirst, in the underlying matter, defendant pled guilty to forcible rape, a violation of La. R.S. 14:42.1, which specifies a sentencing range from 5 to 40 years, with at least 2 years to be served without benefit of probation, parole, or suspension of sentence. On that count, defendant was sentenced to 30 years, of which 2 years are to be served without benefit of probation, parole, or suspension of sentence, which is within the range listed in the statute. This sentence was later vacated, pursuant to defendant’s multiple offender adjudication, which is discussed below.
Second, in the underlying matter, defendant pled guilty to aggravated burglary, a violation of La. R.S. 14:60, which enumerates a sentencing range from 1 to 30 years. On that count, defendant was sentenced to 30 years, which is the longest sentence allowed by the statute.
In the final count of the underlying matter, defendant pled guilty to attempted simple burglary of an inhabited dwelling, in violation of La. R.S. 14:27(D)(3) and 14:62.2, which together allows for a sentence of not less than one year, without benefit of probation, parole, or suspension of sentence, and not more than 6 years. On that count, defendant was sentenced to 6 years, with the first year to be served without benefit of probation, parole, or suspension of sentence, which is the longest sentence allowed by law.
Next, defendant’s enhanced sentence as a second felony offender was within the sentencing range as well. According to La. R.S. 15:529.1(A)(1), “If the second felony is such that upon a first conviction the [offense] would be punishable by imprisonment for any term less than his natural *1211 life, then” the sentence “shall be ... a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction.” As noted above, the longest statutory prison term for a forcible rape conviction is 40 years, with at least 2 of the Inyears being served without the benefit of probation, parole, or suspension of sentence. Thus, as a second felony offender, defendant was exposed to a sentencing range of 20 to 80 years of imprisonment. Defendant’s enhanced sentence of 30 years, which was imposed pursuant to a plea agreement set forth in the record, is within the sentencing range.
Based on the foregoing, we find that defendant’s guilty pleas, multiple offender adjudication, underlying sentences and enhanced sentence, which were imposed pursuant to a plea agreement, do not present any non-frivolous issues for appeal. Because appellate counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel’s assertion, we grant appellate counsel’s motion to withdraw as attorney of record.

Error patent review

In her Anders brief, appellate counsel requests an error patent review, which this Court routinely performs in accordance with La.C.Cr.P. art. 920. Our review reveals no errors patent requiring correction in this case.
Accordingly, defendant’s convictions and sentences are hereby affirmed. Counsel’s motion to withdraw is hereby granted.

AFFIRMED; MOTION TO WITHDRAW GRANTED.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. "[T]o protect the identity and provide for the safety and welfare of crime victims who are ... victims of sex offenses, all public officials ..., including but not limited to ... judicial officers shall not publicly disclose the name, address, or identity ... of victims of sex offenses, regardless of the date of commission of the offense.” La. R.S. 46:1844(W)(l)(a).

. In a separate bill of information, the Jefferson Parish District Attorney charged defendant with failure to register as a sex offender, in violation of La. R.S. 15:542(F)(2). On May 14, 2012, defendant pled guilty to that charge in Twenty-Fourth Judicial District Court case number 08-2857. That matter is not, however, the subject of this appeal.

. Only those individuals actually sentenced to death or confinement at hard labor shall be committed to the Department of Corrections. La. R.S. 15:824(C); State v. Vance, 06-452 (La.App. 5 Cir. 11/28/06), 947 So.2d 105, 109 n. 3, writ denied, 07-152 (La.9/28/07), 964 So.2d 351.

. La. R.S. 15:824(C); State v. Vance, supra.

. La. R.S. 15:824(C); State v. Vance, supra.

. La. R.S. 15:824(C); State v. Vance, supra.

. 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. The Bradford Court adopted its procedure from that of the Fourth Circuit, set forth in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir. 1990), and sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam).

. 96-2669 (La.12/12/97), 704 So.2d 241, 242 (per curiam).

. The United States Supreme Court reiterated Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).

. Jyles, 704 So.2d at 241.

. Id.

. Bradford, supra at 1110.

. Id.

. See generally, La.C.Cr.P. art. 464-66.

. State v. Wingerter, 05-697 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664; State v. Schaefer, 97-465 (La.App. 5 Cir. 11/25/97), 704 So.2d 300, 304.

. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

.McCoil, supra.

. See La.C.Cr.P. art. 881.2(A)(2); State v. Washington, 05-211 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173.

. The trial judge imposed defendant’s sentences to run concurrently to sentences imposed in an unrelated matter. See, La.C.Cr.P. art. 883.