ROBERT A. CHAISSON, Judge.
| ^Defendant, Kerry L. Bruce, appeals his convictions and sentences for attempted second degree murder and illegal carrying of a weapon during a crime of violence. For the reasons that follow, we affirm his convictions and sentences, and we grant appellate counsel’s motion to withdraw.

PROCEDURAL HISTORY

On November 24, 2008, the Jefferson Parish District Attorney filed a bill of information charging defendant, in count one, with attempted second degree murder, in violation of LSA-R.S. 14:27 and LSA-R.S. 14:30.1, and, in count two, with illegal carrying of a firearm while in the commission of a crime of violence, in violation of LSA-R.S. 14:95(E). At his arraignment, defendant pled not guilty. Defendant thereafter filed several pretrial motions, including a motion to reduce bond and motions to suppress evidence, identification, and statement. On February 2, 2010, the trial court heard and denied these motions.
On June 18, 2012, defendant withdrew his prior pleas of not guilty, and after being advised of his rights, pled guilty as charged. In accordance with the plea agreement, the trial court sentenced defendant to twenty-five years at hard labor without the benefit of probation or suspension of sentence on the attempted second |sdegree murder conviction, and to ten years at hard labor on the illegal carrying of a weapon conviction, to run concurrently.
The State then filed a bill of information pursuant to the provisions of LSA-R.S. 15:529.1 seeking to have defendant adjudicated a second felony offender. After defendant stipulated to the allegations of the multiple bill, the trial court vacated defendant’s sentence on count one and resen-tenced him, in accordance with the plea agreement, to twenty-five years at hard labor without the benefit of probation or suspension of sentence. Defendant now appeals.

ANDERS BRIEF

Under the procedure set forth in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir.1990),[1] appointed appellate counsel has filed an Anders brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, 242 (per curiam), asserting that he has thoroughly reviewed the trial court record and “can find no non-frivolous issues to raise on appeal and can find no trial court rulings that would arguably support the appeal.” Accordingly, appointed counsel requests to withdraw as counsel of record.
In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to with *798 draw if he finds his ease to be wholly frivolous after a conscientious examination of it.[2] The request must be accompanied by “a brief referring to anything in the record that might arguably support the appeal” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In State v. Jyles, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The Supreme Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” State v. Jyles, supra.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point identified by the court, or grant the motion and appoint substitute appellate counsel. State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.
In this case, defendant’s appellate counsel asserts that after a conscientious and thorough review of the record, he could find no non-frivolous issues to raise on | ^appeal. Appellate counsel notes that he has thoroughly reviewed the information relative to the pretrial motions to suppress and to reduce bond and “has not found any appealable issues upon which to support an appeal.” He further asserts that both trial counsel and the district court fully informed defendant of the legal consequences of pleading guilty, and therefore, there is no basis for this Court to reject defendant’s guilty pleas.
Along with his brief, appellate counsel has filed a motion to withdraw as attorney of record which states he has made a conscientious and thorough review of the trial court record and could find no non-frivolous issues to raise on appeal and no rulings of the trial court which would arguably support the appeal. He further states that he notified defendant of the filing of the motion to withdraw and that he advised defendant of his right to file a pro se brief in this appeal. Additionally, this Court sent defendant a letter, by certified mail, informing him that an Anders brief had been filed and that he had until April 15, 2013, to file a pro se supplemental brief. As of the rendering of this opinion, defendant has not filed a pro se supplemental brief.
Our independent review of the record supports appellate counsel’s assertion that *799 there are no non-frivolous issues to be raised on appeal. The bill of information properly charged defendant and plainly and concisely stated the essential facts constituting the offenses charged. It also sufficiently identified defendant and the crimes charged. See generally LSA-C.Cr.P. arts. 463-466. Also, as reflected by the minute entries and commitment, defendant appeared at his arraignment and the guilty plea and sentencing proceedings.
Further, defendant pled guilty as charged. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or postjconviction6 relief. State v. Wingerter, 05-697 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664. In the instant case, defendant filed motions to suppress evidence, identification, and statement that were denied after a hearing. However, defendant did not preserve these rulings for review under the holding in State v. Crosby, 338 So.2d 584 (La.1976).
Additionally, our review of the record reveals no irregularities in defendant’s guilty pleas on either the original or multiple offender bills of information. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin[3] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124.
The record shows that defendant was aware he was pleading guilty to one count of attempted second degree murder and one count of illegal use of a firearm during a crime of violence. Further, on the waiver of rights form and during the colloquy with the trial court, defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination. On the waiver of rights form, defendant initialed next to each of these rights and signed the form, indicating that he understood he was waiving these rights by pleading guilty. During the colloquy with the trial judge, defendant also indicated that he understood that he was waiving these rights.
During his guilty plea proceeding, defendant stated that he had not been forced, coerced, or threatened into entering his guilty pleas. Defendant indicated that he understood the possible legal consequences of pleading guilty and wished |7to plead guilty at that time. He also indicated that he understood that his guilty pleas could be used to enhance penalties for any future convictions. Defendant was also informed during the colloquy and by means of the waiver of rights form of the sentencing ranges he faced for each count and of the actual sentences that would be imposed if his guilty pleas were accepted. After his colloquy with defendant, the trial court accepted defendant’s pleas as knowingly, intelligently, freely, and voluntarily made.
With respect to defendant’s stipulation to the multiple offender bill, filed immediately after defendant’s original plea, the record shows that defendant was adequately advised of his multiple offender rights. The trial court advised defendant that by pleading guilty to the multiple bill, he was giving up his right to a hearing at which the State would have to prove his multiple offender status. Defendant was *800 also advised of the possible sentence that he could receive pursuant to the multiple bill as well as the actual sentence that would be imposed upon acceptance of his stipulation to the bill. Throughout the colloquy with the trial court, defendant indicated that he understood his rights relating to the multiple offender proceedings and that he wished to waive those rights.
We note that during the colloquy, the trial court did not specifically advise defendant of his right to remain silent throughout the multiple offender hearing. However, the record indicates that defendant was nonetheless sufficiently advised of this right. At the beginning of the multiple offender colloquy, defense counsel advised the court that defendant “has executed a waiver of constitutional rights and plea of guilty form which we tender to the court at this time.” In addition, the record contains a waiver of rights form signed by defendant, his attorney, and the |strial court indicating that he understood his rights, including his right to remain silent,[4] as well as the consequences of his plea.
We further note that defendant’s sentences were imposed in accordance with the terms of the plea agreements. LSA-C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. State v. Washington, 05-211 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. In addition, defendant’s sentences fall within the sentencing ranges prescribed by the statutes.
Based on the foregoing, we find that defendant’s guilty pleas and the sentences imposed pursuant to the plea agreements do not present any issues for appeal. Because appellate counsel’s brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel’s assertion, we grant appellate counsel’s motion to withdraw as attorney of record.

ERROR PATENT REVIEW

We have also reviewed the record for errors patent in accordance with LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals no errors that require corrective action.
Accordingly, defendant’s convictions and sentences are hereby affirmed. The motion to withdraw as counsel for defendant is hereby granted.

CONVICTIONS AND SENTENCES AFFIRMED; MOTION TO WITHDRAW GRANTED

. The procedure set forth in Benjamin for compliance with Anders was sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.

. The United States Supreme Court reaffirmed its position in Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. Defendant signed the multiple offender waiver of rights form and placed his initials after each right with the exception of the right to remain silent. However, we do not find that omission detrimental to his guilty plea as "there has never been a requirement that a defendant initial each line in a plea form.” State v. Woods, 09-399 (La.App. 5 Cir. 3/9/10), 38 So.3d 391, 405, writ denied, 10-784 (La.10/29/10), 48 So.3d 1096.